D. G. McMILLAN et als. v. M. A. BAKER.

*New Trial—Surprise—Defendants' Bond in Ejectment—Striking
out Answer Reviewable.*

1. When a new trial is awarded by the Supreme Court on appeal, the case goes
   back to the Superior Court for a new trial on the whole merits, and the court
   below ought to proceed with the trial, as if no former trial had taken place.
   It is immaterial that the evidence is the same as that used on the former trial.

2. Where in an action to recover land, the defendant failed to file a bond to secure
   costs and damages as required by *The Code*, sec. 237, it is error to strike out
   the answer on a motion made at the trial term, without giving the defendant
   an opportunity to file a bond at that time.

3. The bond under this section of The Code is for the benefit of the plaintiff, and he can waive it, and will be deemed to have done so, if he allows a number of terms of court to pass without demanding it. If not waived entirely, it is waived until demanded.

4. An order of the Superior Court, striking out an answer in an action of eject-ment for want of a bond by the defendant, is reviewable, where the defendant has been led to assume that the plaintiff has waived the bond.

(*McMillan* v. *Baker*, 85 N. C., 291; *Isler* v. *Koonce*, 83 N. C., 55; *Meroney* v. *McIn-tyre*, 82 N. C., 103; *Ferguson* v. *McCarter*, Taylor's Term R. 107; *Brittain* v. *Howell*, 2 D. & B., 107; *Russell* v. *Sanders*, 3 Jones 432, cited and approved).

This was a civil action, for the possession of land, tried before *Philips, J.,* at Spring Term, 1884, of CUMBERLAND Superior Court.

This case was before the Supreme Court, at October Term, 1881 (see 85 N. C., 291), and a *venire de novo* was awarded. When the case was called for trial and both sides had announced their readiness, the plaintiff, before the jury were impanelled, called the attention of the court to the opinion of the Supreme Court rendered on the former appeal, and took the position that the question of title was settled, and that there was nothing to try but the question of damages—and stated that the plaintiffs had the very same proofs as to title that were used on the former trial as referred to in the opinion of the Supreme Court.

The defendant contended that the Supreme Court had granted him a new trial out and out, and asked that the identical issues submitted on a former trial, as stated in the record, be again sub-mitted to the jury, and stated that the documentary proof would be identically the same, but that he did not rely on that entirely.

The plaintiffs contended that the former trial and decision of the Supreme Court, together with the statement by plaintiffs and defendant, that the deeds, records, and decrees, and other docu-mentary proof as to the title would be identically the same, was decisive of the first issue as submitted on the former trial, and asked that the answer of the jury as to the first issue should be in favor of the plaintiffs, and that it be reformed so as to read "Yes" instead of "No."

The court ruled that the Supreme Court judgment rendered on an appeal from a former trial, the documentary proof now offered being the same, was decisive of the question of title, and remarked to defendant's counsel that he would not attempt to overrule the Supreme Court, and, thereupon, directed that only the issue as to damages should be submitted to the jury.

After the jury had been selected and before it had been impanelled, the plaintiffs moved to strike out the defendant's answer, because this being an action for possession of land, he ought to have filed a bond for costs and damages as required by statute, before filing his answer, but had failed to do so. The Court, after inquiry, ascertained that no such bond had ever been filed, allowed the motion, and struck out the answer and gave plaintiffs judgment for want of an answer, and directed the inquiry as to damages to proceed. Defendant excepted.

After the answer had been stricken out on plaintiffs' motion, for above stated reasons, the defendant asked leave to file a bond, stating that the case had been standing for a long time, and that he was taken up by surprise, and stated further that the defendant was well able to answer in damages.

The Court declined to grant leave to file the bond as asked for, and defendant excepted.

After the jury was impanelled on the issue as above stated, the plaintiffs offered evidence as to the amount of damages sustained by them on account of the defendant's possession and closed the case.

There was a verdict assessing the plaintiffs' damages, judgment, and appeal by the defendant.

*Messrs. N. W. Ray* and *W. A. Guthrie,* for the plaintiffs.
*Mr. John W. Hinsdale,* for the defendant.

MERRIMON, J.   This case came before this court by a former appeal at the October term, 1881, and the questions presented by the record in that appeal, were then considered and decided.

(See *McMillan* v. *Baker*, 85 N. C., 291). It is too plain to admit of serious question, that the Court then held that there was "error and there must be a new trial"; not a new trial in respect to part of the case, or to particular aspects of it, but upon the whole merits of the action as it then might appear before the court. The plaintiffs were left to prove their case over by the same or other and additional evidence, and the defendant was likewise left at liberty to make good his defence if he could do so.

The court below ought, therefore, to have proceeded with the trial of the issues of fact arising upon the pleadings, just as if no former trial had taken place, applying the law as expounded and laid down by this Court in its opinion in the case. It might be that the trial of the issues of fact, in view of the decision of this Court upon the questions of law, and the proofs, would certainly lead to a particular result, but there might be other proofs on the one side or the other, or both; at all events, it was necessary to try the issues over, and submit an issue as to damages, with proper instructions. It was erroneous simply to submit an issue as to damages. *Isler v. Koonce*, 83 N. C., 55; *Meroney v. McIntyre*, 82 N. C., 103.

This being an action to recover the possession of land, the plaintiff, after the jury had been selected, but before it had been impanelled, moved to strike out of the record the defendant's answer, because no undertaking to secure costs and damages had been given by the defendant before answering the complaint, as required by The Code, §237. The Court allowed this motion. The defendant, however, then asked leave to file a proper undertaking, suggesting that he was well able to answer for the damages, that the case had been pending for a long time, and that he was taken by surprise. We think the Court ought not to have allowed the motion to strike out of the record the defendant's answer, without first giving him an opportunity to give a proper undertaking to secure costs and damages. Under the circumstances of this case, he had the right to be allowed such opportunity. The undertaking, required by the statute in such cases,

8

is for the benefit of the plaintiff, and it ought to be strictly required unless waived by him; but he may waive it if he sees fit to do so. It is very clear that the plaintiffs did so in this case; at least, and certainly until they should demand it.

The action was begun on the 3d day of April, 1879. The plaintiffs filed their complaint and the defendant filed his answer without objection; the action was tried in the Superior Court, and there was an appeal to this Court. This Court granted a new trial. In the court below, just at the time the trial of one issue was about to be had, the plaintiffs, for the first time, moved to strike out the answer, upon the ground that an undertaking for costs and damages had not been given. There could scarcely be a stronger case of waiver by implication. The Court had the power to require the undertaking to be given at so late a period in the progress of the action, upon application of the plaintiffs; but the defendant had the right, after such waiver, to have opportunity to give it, and having given it, as the Court might require, to have his answer remain of record, and have the full benefit of it.

This court has the authority to revise the action of the court below, in respect to the motion and order in question. It did not lie in the discretion of the court to strike the answer from the record, because the waiver of the undertaking on the part of the plaintiffs, created a right in the defendants to give it when required. They may have deemed the defendant abundantly solvent and able to pay costs and damages; or, for reasons satisfactory to them, they may have abstained from insisting on their strict rights. As they did not, by their silence as to the undertaking, they invited or permitted him to proceed in the action with his defence, without it. Having done so, it would be unjust, and a violation of good faith at the least, at their pleasure, to cut him off from his defence. The law will not permit them to do so; he is entitled to give the undertaking under the direction of the court; if he will not or cannot, and in the latter case, cannot obtain leave to defend as a poor person, then the plaintiffs' motion

to strike out the answer must be allowed. *Ferguson* v. *McCarter*, Taylor's Term R., 107; *Brittain* v. *Howell*, 2 D. & B., 107; *Russell* v. *Sanders*, 3 Jones, 432.

There is error. The defendant must be allowed to give an undertaking to secure costs and damages, as the court may direct. If he fails to do so, in that case, the court may allow the motion to strike the answer from the record, and proceed according to law. If the undertaking shall be given, in that case, the court will proceed in the action according to law. To that end, let this opinion be certified to the Superior Court of the county of Cumberland.                      It is so ordered.