J. W. COOPER v. A. WARLICK et al.

*Partition—Defence Bond.*

Where the defendant in a petition for partition pleaded sole seizin, it was error to strike out his answer without notice, because no defence bond had been filed. He was entitled to a rule to show cause.

SPECIAL PROCEEDING for partition, begun before the Clerk of the Superior Court of CHEROKEE County, and heard upon appeal before *Brown, J.,* at Chambers.

On the said 12th day of February, 1891, the return day of the summons, the defendants Warlick appeared by Mr. Ben. Posey, their attorney, and filed answer to the plaintiff's petition claiming to be sole seized and possessed of the land and premises described in the petition, but failed to file the undertaking required by the statute, or to otherwise comply with the provisions of the statute so as to entitle them to answer. On the 30th day of March, 1891, counsel for plaintiff appeared before the Clerk and moved the Court for an order striking out the answer of the defendants Warlick, and for judgment for plaintiff as prayed for in his petition, which motions were granted by the Court without giving notice to defendants or their attorney.

The Clerk granted the plaintiff's motion, struck out the defendants' answer, and gave judgment for the plaintiff, from which the defendants appealed. His Honor reversed the order of the Clerk, and directed the Clerk to give notice to the defendants of a day by which the defence bond must be filed or leave obtained, in manner required by law, to defend without bond. From which judgment the plaintiff appealed.

*Messrs. R. L. Cooper* and *F. P. Axley* (by brief) and *G. S. Ferguson,* for plaintiff.
*Messrs. Ben. Posey* and *T. F. Davidson,* for defendant.

CLARK, J.: The defendants having pleaded sole seizin could have been required to file a defence bond under section 237 of *The Code; Vaughan* v. *Vincent,* 88 N. C., 116, unless they had obtained leave to defend the action without giving the bond. But his Honor properly held that "having accepted the answer and filed it on the day fixed for pleading, and no objection being made by the plaintiff," it was error in the Clerk to strike out the answer, after it had been on file forty-two days, without notice to the defendants, and to give a summary judgment against them. The case comes within the spirit of the tenor of the decision in *McMillan* v. *Baker,* 92 N. C., 110. The Court below committed no error in setting the judgment aside and directing the Clerk to give notice to defendants of a day by which the defence bond must be filed or leave obtained, in the manner required by law, to defend without giving it. It has, in like manner, been held that when the prosecution bond has not been given, but the plaintiff has been permitted to go on and prepare his case for trial, the Court will not, on motion of the defendant, dismiss the action peremptorily for want of the bond, but will permit the plaintiff to prepare and file his bond. *Brittain* v. *Howell,* 19 N. C., 107; *Russell* v. *Saunders,* 48 N. C., 432; *Albertson* v. *Terry,* at this term. Indeed, it appears by defendants' affidavit, which is not denied, that they were, and are, still ready to file the requisite bond, if required to do so.

Affirmed.