BEST v. BRITISH AND AMERICAN MORTGAGE COMPANY.

(Filed September 23, 1902.)

1. PLEADINGS—*Answer—Courts—Discretion—The Code, Sec. 274.*

    The extension of time to answer after the time limited is discretionary with the trial judge and is not reviewable.

2. VERIFICATION—*Pleadings—Corporations—The Code, Sec. 258.*

    The managing director of a foreign corporation may verify its pleadings.

3. REHEARINGS—*Appeal.*

    The supreme court will not *ex mero motu* review a former decision upon a second appeal in the same case.

ACTION by W. E. Best against the British and American Mortgage Company, heard by Judge *O. H. Allen,* at September (Special) Term, 1901, of the Superior Court of GREENE County. From an order refusing judgment on complaint, the plaintiff appealed.

    *Geo. M. Lindsay,* for the plaintiff.
    *L. V. Morrill,* and *Battle & Mordecai,* for the defendant.

MONTGOMERY, J.    The defendant in this action, a non-resident corporation, was brought into Court by publication.    A special appearance was entered on its behalf, and a motion to dismiss the action and vacate the attachment was granted. Upon the appeal of the plaintiff, that ruling was declared to be erroneous by a decision of this Court—128 N. C., 351. The plaintiff, in due time, moved in the Court below for judgment on his verified complaint, no answer having been filed. The Court refused the motion, and the defendant was allowed to file an answer, and the plaintiff appealed.

    It does not appear from the record that the defendant got leave to file an answer under section 220 of The Code, and

we must presume, therefore, that the order was made under section 274 of The Code. The matter was entirely in the discretion of the Court, and can not be reviewed on appeal. *Gilchrist v. Kitchin,* 86 N. C., 20; *Woodcock v. Merrimon,* 122 N. C., 731.

In *Millard v. Patterson,* 108 N. C., 255, the defendant filed an unverified answer, the complaint in the action having been verified, and the defendant, after a lapse of five years, asked to be allowed to file a new answer, properly verified, and the Court allowed him the leave, though he was not entitled to it as a matter of right. This Court approved of the order, and declared that the exercise of the discretion by his Honor was not reviewable.

After the answer was filed in the case now before us, the plaintiff moved for judgment on the ground that the answer was not properly verified, the alleged insufficiency being that the verification had been made by L. H. Graham, a managing director of the defendant corporation. The motion was disallowed, and properly so. When a corporation is a party, the verification may be made by any officer thereof. The Code, Sec. 258. Certainly the managing director of a foreign corporation is such an officer as would meet the requirements of The Code in the matter of the verification of pleadings.

The counsel of the plaintiff, in his brief, discusses at some length the decision of this Court in the former appeal of this case, on the question of the discontinuance of the action on the part of the plaintiff, and suggests that the Court will *ex mero motu* review that question. But rehearings are not allowed in such a manner.

No Error.