GEORGE E. GILL ET AL. v. A. W. PORTER AND WIFE.

(Filed 21 November, 1917.)

**Partition—Sole Seizin—Defense Bond—Waiver — Motions — Notice — Judgments—Time Extended—Appeal and Error.**

Where, upon plea of sole seizin before the clerk, in proceedings to partition lands, the defendant in possession is allowed to file answer without objection, and no demand for the defense bond is made, and the cause has been transferred to the civil issue docket for trial, the defendant is entitled to notice of a motion to strike out the answer and for judgment by default, and when notice has not been given and the motion for judgment allowed, it will be ordered stricken out on appeal and a reasonable time given for the filing of the bond required by law.

PETITION for partition, heard before *Webb, J.*, at March Term, 1917, of RICHMOND, upon a motion to strike out the answers of defendants Porter and wife for failure to file a defense bond, and for judgment for want of an answer. The motion was allowed and the answers were stricken from the records. Attorneys for defendants, in apt time and before the order was made, asked for time within which to file bond, which motion was denied. Defendants excepted. Thereupon judgment by default for want of an answer was rendered. Defendants excepted and appealed.

*J. G. Mills, Manning & Kitchin, and A. R. McPhail for plaintiffs.*
*Stack & Parker and W. S. Loudermilk for defendants.*

BROWN, J. This is a special proceeding, returnable before the clerk, and the pleadings were made up and filed before him. The defendant Mae H. Porter filed her answer on 14 January, 1917, pleading sole seizin. At the time of filing their answer, defendants failed to file a defense bond as required by law when sole seizin is pleaded in partition proceedings. *Haddock v. Stocks,* 167 N. C., 70.

No motion to strike out the answer for lack of bond and for judgment by default was made before the clerk. The clerk transferred the cause to the trial term docket, and the case was first called at March Term, 1917, when the judgment was rendered. No previous notice of the motion was given defendants.

The answer had been filed some seventy-four days prior to the motion in the Superior Court. No objection was made before the clerk to the filing of the answer and no demand made for a bond. This constituted a waiver of the bond to such an extent at least that defendants were entitled to notice of the motion and to a reasonable time within which to file the bond. The exact point is decided in *McMillan v. Baker,* 92 N. C., 110; *Cooper v. Warlick,* 109 N. C., 672; *Beckton v. Dunn,* 137 N. C., 559.

In the last case it is said: "Even when an answer has been filed without any bond, and has remained on file for some time without objection, it is held to be irregular to strike it out and give judgment without notice or rule to show cause, or without giving the defendant opportunity to file a defense bond."

The judge should have granted defendant's motion for time to file bond.

The judgment of the Superior Court is set aside and the cause remanded with instructions to allow defendants to file a justified bond, to be approved by the clerk, within twenty days after this opinion shall be received in the office of the clerk of the Superior Court.

Reversed.