WILLIAM L. SHEPHERD, JR., ET AL. v. THOMAS B. SHEPHERD.

(Filed 20 December, 1919.)

1. **Pleadings—Defense Bond—Answer Stricken Out—Notice to Show Cause—Judgments—Procedure.**

   The procedure to strike out an answer and for judgment for the want of a defense bond, is upon a rule to show cause, and then if it is adjudged that such bond is required, the defendant should be given time for that purpose; and where the pleadings have been filed and no such bond had been given, and by agreement of the parties the case has been continued from one term of court to another, it is reversible error for the trial judge, during the latter part of the subsequent term, to enter judgment of the kind indicated without having followed the procedure stated.

2. **Same—Courts—Discretion—Waiver—Appeal and Error.**

   Striking out an answer by the court for the want of a defense bond and rendering judgment against the defendant is not a discretionary matter

with the Superior Court judge, where the defendant has been led to believe that the plaintiff has waived the bond, and such action is reviewable on appeal.

MOTION in the cause heard by *Ray, J.,* at August Term, 1919, of MACON.

The plaintiff moved to strike out the answer of the defendant for want of a defense bond. The motion was allowed, and judgment final for want of answer was rendered. Defendant appealed.

*Felix E. Alley and Jones & Jones for plaintiffs.*
*J. Frank Ray for defendant.*

BROWN, J. The case on appeal states that summons was issued 31 July, 1918, returnable to August term of said court, and duly served on defendants 8 August, 1918. At November Term, 1918, neither party asked that the case be placed for trial on the calendar at said term. Before the April Term of court, 1919, was to begin the case was again continued by consent, and not placed on the calendar. No court was held at said term on account of the sickness of Judge McElroy's family.

At August Term, 1919, the case was again by consent continued to November Term, 1919, and not placed on the trial calendar. On the last day of said August Term, 1919, upon motion of plaintiffs, no notice having been served on the defendants, judgment was entered for the plaintiffs as appears in the record for want of a defense bond. The complaint was filed 13 August, 1918. The answer was filed 13 August, 1918. Under the circumstances of this case, it was error in the court to strike out the answer of the defendant without notice because no defense bond had been filed.

The defendant was entitled to a rule to show cause, and then if the court adjudged that a defense bond was required, the defendants were entitled to time within which to file the same. It appears in the case on appeal that the cause was continued at August Term, 1919, by consent until the next term, and that this motion was made and granted on the last day of August term. The point is expressly decided in *Cooper v. Warlick,* 109 N. C., 672, where the cases were cited. This is not a matter within the discretion of the judge. An order of the Superior Court striking out an answer for want of a bond is reviewable where the defendant has been lead to believe that the plaintiff has waived the bond. *McMillan v. Baker,* 85 N. C., 291, and cases cited in the opinion.

In the case at bar the answer was filed at the same term with the complaint. No motion was made for an entire year, and then only

when the case had been continued for the term, and on the last day of that term.

Judgment is set aside and the Superior Court is directed to allow the defendant to file the defense bond within a reasonable time.

Reversed.