ANNIE MOODY and Husband, C. M. MOODY, v. SAMUEL LEE HOWELL and Wife, WILSIE ROSE HOWELL.

(Filed 8 September, 1948.)

**1. Clerks of Court § 3: Courts § 3c: Judgments § 27a—**

The Judge of a Superior Court has concurrent jurisdiction with the Clerk of the Court to enter judgments by default, G. S., 1-211; G. S., 1-212, and to vacate such judgments, and the jurisdiction of the Judge on motion to set aside a default judgment entered by the Clerk is original as well as appellate.

MOODY v. HOWELL.

**2. Courts § 4c: Judgments § 27a—**

G. S., 1-272; G. S., 1-273; G. S., 1-274, regulating appeals from the Clerk of the Superior Court to the Judge have no application in regard to appeals from orders and decrees in proceedings over which the Judge of the Superior Court has concurrent jurisdiction.

**3. Same—**

The Clerk entered a default judgment in an action in ejectment for failure of defendants to file bond required by statute, G. S., 1-111; G. S., 1-211 (4). Defendants' motion to vacate the default judgment upon tender of bond, was denied by the Clerk, and defendants appealed. *Held:* Dismissal of the appeal for failure of defendants to perfect same in the manner prescribed by G. S., 1-272; G. S., 1-273; G. S., 1-274, was error, since these statutes are inapplicable to orders or judgments entered pursuant to G. S., 1-211, and G. S., 1-212.

APPEAL by defendants from *Alley, J.,* at February Term, 1948, of HAYWOOD.

This is an action in ejectment, instituted 11 December, 1947. It is alleged in the complaint that the defendants are in the wrongful and unlawful possession of one and one-half acres of land in Haywood County, which the plaintiffs own in fee simple. The defendants filed an answer on 29 December, 1947, pleading sole seizin, but did not file bond pursuant to the provisions of G. S., 1-111 and 1-211, subsection (4). Thereafter on 17 January, 1948, without moving to strike out the answer of the defendants, and without making demand on the defendants to file bond or show cause why judgment by default final should not be entered, the plaintiffs moved for such judgment before the Clerk of the Superior Court of Haywood County and judgment by default final was entered.

The defendants filed a motion to vacate and set aside the default judgment on 21 January, 1948, tendered bond, and gave notice of such motion to the plaintiffs. The motion was heard by the Clerk of the Superior Court of Haywood County, 28 January, 1948, and was denied. The defendants appealed to the Judge of the Superior Court; notice of such appeal having been given in open court, further notice was waived.

When this cause came on for hearing before his Honor, the plaintiffs entered a special appearance and made a motion to dismiss the appeal on the ground that the order and judgment from which the purported appeal had been taken was entered by the Clerk of the Superior Court pursuant to the provisions of G. S., Sections 1-272, 1-273 and 1-274, and that the appeal had not been perfected in the manner prescribed by these statutes. The motion was allowed and the appeal dismissed. The defendants appeal and assign error.

*Grover C. Davis and M. G. Stamey for plaintiffs.*

*James H. Howell, Jr., and Morgan & Ward for defendants.*

DENNY, J.   This action was pending on the civil issue docket of the Superior Court in Haywood County when the judgment by default final was entered by the Clerk of the Superior Court.   A motion to set aside a judgment by default final or by default and inquiry entered by the Clerk pursuant to the authority contained in G. S., 1-211 and 1-212, may be made either before the Clerk or the Judge of the Superior Court. *Caldwell v. Caldwell,* 189 N. C., 805, 128 S. E., 329.   The authority of the Clerk to enter judgments pursuant to the provisions of the above statutes, as well as the power to vacate such judgments, is concurrent with and in addition to that of the Judge of the Superior Court, and the jurisdiction of the Judge on a motion to set aside a judgment so entered by the Clerk, is original as well as appellate.   *Caldwell v. Caldwell, supra.*

Moreover, G. S., Sections 1-272, 1-273 and 1-274, regulating appeals from the Clerk to the Judge, are applicable to orders and decrees entered by the Clerk in the exercise of jurisdiction which is not concurrent with the jurisdiction of the Judge of the Superior Court.   This Court held in *Caldwell v. Caldwell, supra,* that the above statutes do not apply to orders and judgments entered by the Clerk pursuant to the provisions of Chapter 92, Public Laws 1921, Extra Session (now substantially G. S., 1-211 and 1-212).

It follows, therefore, that the defendants' appeal was properly before his Honor and should have been heard on its merits.   *Caldwell v. Caldwell, supra; Trust Co. v. Pumpelly,* 191 N. C., 675, 132 S. E., 594; *Acme Mfg. Co. v. Kornegay,* 195 N. C., 373, 142 S. E., 224; *Cody v. Hovey,* 219 N. C., 369, 14 S. E. (2d), 30.   And while the appeal here involves only a question of procedure, it would seem that the respective rights of the parties herein have been clearly defined by this Court in similar cases.   See *McMillan v. Baker,* 92 N. C., 110; *Cooper v. Warlick,* 109 N. C., 672, 14 S. E., 106; *Becton v. Dunn,* 137 N. C., 559, 50 S. E., 289; *Gill v. Porter,* 174 N. C., 569, 94 S. E., 108; and *Shepherd v. Shepherd,* 179 N. C., 121, 101 S. E., 489.

The judgment of the court below is reversed, and this cause remanded to the end that defendants' appeal may be heard on its merits.

Reversed and remanded.