ALFRED R. RICH v. NORFOLK SOUTHERN RAILWAY COMPANY, G. T. WILLIAMS, J. A. WOODS, JAMES McDONALD, AND W. L. WILLIAMS.

(Filed 23 May, 1956.)

1. **Appeal and Error § 49—**

   If the findings of fact made by the trial court are not challenged and are sufficient to support the order, the order must be affirmed.

2. **Pleadings § 12—**

   Where the complaint is verified, the answer also must be verified. G.S. 1-144.

3. **Same: Judgments § 9—Where answer is not verified, answer must be stricken on motion after notice before rendition of default judgment.**

   In an action on verified complaint against a corporate and individual defendants, defendants filed joint answer which was verified as to the corporate defendant by its vice-president and secretary, but not verified by or in behalf of the individual defendants. G.S. 1-145. *Held:* Judgment by default and inquiry entered by the clerk, without notice, against the individual defendants because of want of verification of the answer as to

them, was improperly allowed, since such judgment could not be entered until the answer had been stricken as to the individual defendants upon motion and upon hearing after due notice.

**4. Judgments § 9—**

The jurisdiction of the clerk of superior court to enter judgments by default final and by default and inquiry is both conferred and limited by statute, and the statutes do not deprive the superior court in term of its jurisdiction in regard thereto. G.S. 1-209 *et seq.*

**5. Judgments § 11—**

A judgment by default and inquiry is an interlocutory judgment which transfers the cause by operation of law to the Superior Court for further hearing in term. G.S. 1-212.

**6. Judgments § 25—**

Motion to set aside judgment by default and inquiry is properly made before the judge at term.

**7. Courts § 4c—**

Statutory authority of the clerk to enter judgments by default and by default and inquiry cannot deprive the Superior Court of its statutory and inherent powers to extend the time for, or allow an amendment to, a pleading, which powers the judge of the Superior Court may exercise when the cause reaches him by appeal.

**8. Judgments § 27a: Pleadings §§ 12, 22—**

Judgment by default and inquiry was entered by the clerk against the individual defendants on the ground that the answer as to them was *not* verified as required by statute. Defendants moved in Superior Court at term that the judgment by default and inquiry be stricken. The Superior Court allowed verification of the answer by the individual defendants *nunc pro tunc* and struck the default judgment. *Held:* The judgment by default and inquiry was entered contrary to the course and practice of the court and was properly set aside, and the court had authority to permit the verification *nunc pro tunc.*

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Hall, J.*, October Term, 1955, DURHAM.

Civil action growing out of a collision that occurred 22 January, 1954, between corporate defendant's train and an automobile owned and operated by plaintiff, at a grade crossing in Durham County.

Plaintiff, in his verified complaint, alleged that the collision, which caused personal injuries and property damage for which he seeks to recover herein, was caused by the negligence of defendants.

On 12 April, 1955, the *clerk* of the superior court, predicated upon recitals that defendants G. T. Williams, W. L. Williams and J. A. Woods had not answered, demurred or otherwise pleaded within the time allowed by law, entered judgment by default and inquiry against said

individual defendants, which judgment ordered "that a writ of inquiry be returned at the next civil term of the Superior Court of Durham County for the purpose of assessing damages . . ." as provided in G.S. 1-212.

Nothing further occurred until 1 September, 1955, when defendants, through counsel, moved in the superior court that the judge thereof in his discretion set aside the (purported) judgment by default and inquiry and permit them to verify the answer theretofore filed by them or in lieu thereof permit them to file a new verified answer.

Upon hearing on defendants' said motion, the judge made full findings of fact; and, in the exercise of his discretion and in furtherance of justice, (1) vacated and set aside the said judgment by default and inquiry, and, (2) allowed the individual defendants 30 days within which to verify, *nunc pro tunc,* the (unverified?) answer theretofore filed in their behalf.

The said order, granting defendants' motion, was entered 24 October, 1955. Plaintiff excepted and appealed, his sole assignment of error being the entry of said order.

*N. H. Godwin and Daniel M. Williams, Jr., for plaintiff, appellant.*
*Simms & Simms and Spears & Spears for defendants, appellees.*

BOBBITT, J.   The findings of fact made by Judge Hall are not challenged. Are they sufficient to support his order? If so, the order must be affirmed. *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759, and cases cited.

The facts found include those stated in (our) numbered paragraphs below.

1. The summons and complaint were served on the corporate defendant and on defendants G. T. Williams, W. L. Williams and J. A. Woods. There was no service on defendant James McDonald.

2. Corporate defendant, as was its custom, employed counsel, a well-known firm in Durham County and a well-known firm in Wake County, to defend the action for and on behalf of itself and its codefendants, they being employees of the corporate defendant and members of the crew of the train involved in the collision.

3. Counsel so employed acted thereafter in behalf of all defendants, including James McDonald. All defendants, through counsel, moved for additional time within which to plead. An order allowing all defendants such additional time was signed by the *assistant* clerk of the superior court. Within the time allowed, to wit, on 10 September, 1954, an answer was filed by all defendants through said counsel, the said *assistant* clerk signing an entry to the effect that said answer was

then filed. The only verification was by a Vice-President and Secretary of the corporate defendant, whose purpose and intention was to verify said answer for and in behalf of all defendants. The verification was before a notary public in Norfolk, Virginia.

4. Nothing further occurred until 12 April, 1955, when plaintiff, without notice to any of the defendants or to any of their counsel of record, moved before the *clerk* of the superior court for judgment by default and inquiry, which motion was allowed and judgment by default and inquiry was then signed as stated above.

5. The individual defendants G. T. Williams, W. L. Williams and J. A. Woods have a meritorious defense to plaintiff's cause of action; and their failure to verify said answer was not due to any negligence on their part.

6. The said judgment by default and inquiry was "improvidently and inadvertently" entered by the clerk.

Plaintiff bases his position on the ground that the answer filed 10 September, 1954, as to the individual defendants, was an unverified answer. Therefore, the argument runs, the individual defendants filed no answer; and plaintiff was entitled to said judgment by default and inquiry for want of answer.

The complaint was verified. Therefore, verification of the answer was required. G.S. 1-144. The purpose of this statutory requirement is to eliminate dilatory pleadings in cases where no real issue is involved. Thus, one who supports his pleading by his oath is not put to the delay and expense incident to a jury trial unless the answering party supports his denial or counter allegations by his oath. *Griffin v. Light Co.,* 111 N.C. 434, 16 S.E. 423.

The basic rule is that the verification, in substance as prescribed, must be made by each answering party. G.S. 1-145. However, an exception is made when "there are several parties united in interest and pleading together." In such case, the verification must be "by one at least of such parties acquainted with the facts, *if* the party is in the county where *the* attorney resides and is capable of making the affidavit." (Italics added.) G.S. 1-145. The word "if" as used here is synonymous with "provided." And the word "the" refers to the attorney for the parties who file joint answering pleading.

The wording of G.S. 1-145 seems more appropriate in respect of a joint pleading filed by two or more individuals. Whether the exception in respect of joint pleadings relates solely to that situation need not be decided on this appeal. The verification by the Vice-President and Secretary of the corporate defendant, unchallenged as a proper verification as to the corporate defendant, was not verification by or in behalf of the individual defendants in compliance with G.S. 1-145. (Inci-

dentally, the reason for the requirement that the affiant be one who resides in the county where the attorney resides rather than in the county where the cause of action arose or where the action is pending is somewhat obscure. *Ita lex scripta est.*) The deficiency, upon this record, was a technical one; for it appears plainly that all defendants, represented by counsel, were preparing in good faith for a contested trial on the merits.

The judgment by default and inquiry makes no reference whatever to the joint answer filed 10 September, 1954, by all defendants. Whether the *clerk* was aware that the answer had been filed does not appear. Suffice it to say, the joint answer on file and unchallenged from 10 September, 1954, to 12 April, 1955, was ignored.

The jurisdiction of a clerk of the superior court to enter judgments by default final and by default and inquiry is both conferred and limited by statute. G.S. 1-209 *et seq. Deans v. Deans,* 241 N.C. 1, 84 S.E. 2d 321; *Boone v. Sparrow,* 235 N.C. 396, 70 S.E. 2d 204. These statutes do not deprive the superior court in term of its jurisdiction, but give the clerk concurrent jurisdiction in respect of judgments specifically covered by their provisions. *Hill v. Hotel Co.,* 188 N.C. 586, 125 S.E. 266; *Caldwell v. Caldwell,* 189 N.C. 805, 128 S.E. 329.

As stated by *Denny, J.,* in *Moody v. Howell,* 229 N.C. 200, 49 S.E. 2d 233: "A motion to set aside a judgment by default final or by default and inquiry entered by the Clerk pursuant to the authority contained in G.S. 1-211 and 1-212, may be made either before the Clerk or the Judge of the Superior Court. *Caldwell v. Caldwell,* 189 N.C. 805, 128 S.E. 329. The authority of the Clerk to enter judgments pursuant to the provisions of the above statutes, as well as the power to vacate such judgments, is concurrent with and in addition to that of the Judge of the Superior Court, and the jurisdiction of the Judge on a motion to set aside a judgment so entered by the Clerk, is original as well as appellate. *Caldwell v. Caldwell, supra.*"

Moreover, when an answer is filed, the cause is transferred by operation of law to the superior court for trial at term on the issues raised. G.S. 1-171. The clerk's jurisdiction to enter judgment by default or by default and inquiry exists when, but only when, no answer has been filed. Upon the filing of an answer, judgment by default or by default and inquiry may not be entered unless and until the answer has been stricken upon motion and upon hearing after due notice. *Bailey v. Davis,* 231 N.C. 86, 55 S.E. 2d 919; *Cahoon v. Everton,* 187 N.C. 369, 121 S.E. 612. Too, a judgment by default and inquiry is an interlocutory judgment. *Rogers v. Moore,* 86 N.C. 86; *DeHoff v. Black,* 206 N.C. 687, 175 S.E. 179. When such judgment is signed by the clerk, the cause is transferred by operation of law to the superior court for further

hearing in term. G.S. 1-212. When so transferred, the superior court judge is "to proceed to hear and determine all matters in controversy in such action, . . ." G.S. 1-276.

In short, defendants' motion in the cause to set aside said judgment by default and inquiry was properly made before the judge of the superior court.

Under the former practice, the issues in a cause were joined by pleadings filed at the term to which process was returnable. *Gilchrist v. Kitchen,* 86 N.C. 20 A motion for judgment for want of an answer, or for want of a verified answer, was made before the presiding judge at term. Upon hearing, the presiding judge had plenary authority, in his discretion, to extend the time for filing answer, or to permit defendant to verify an answer theretofore filed, if this were necessary in furtherance of justice. *Griffin v. Light Co., supra,* and cases cited.

Unquestionably, a superior court judge now has such power. G.S. 1-152. Indeed, *Ashe, J.,* in *Gilchrist v. Kitchen, supra,* after referring to the statute (then C.C.P. sec. 133), says: "But, independent of The Code, we hold that the right to amend the pleadings of a cause and allow answers or other pleadings to be filed at *any* time, is an inherent power of the Superior Courts, which they may exercise at their discretion, unless prohibited by some statutory enactment or unless vested rights are interfered with." (Italics added.) *Mallard v. Patterson,* 108 N.C. 255, 13 S.E. 93; *Best v. Mortgage Co.,* 131 N.C. 70, 42 S.E. 456. The statutes vesting limited jurisdiction in the clerk were not intended nor can they be construed so as to strip the judge of such discretionary power or to circumvent his opportunity to exercise it. *Bailey v. Davis. supra.*

When the answer filed 10 September, 1954, by all defendants and raising serious issues of fact, remained on file without challenge until 12 April, 1955, neither the plaintiff nor the clerk was at liberty to ignore it even though deficient in respect of verification by the individual defendants. Plaintiff's remedy was by motion, after due notice to the opposing parties or their counsel, to strike out such answer and then for judgment for want of answer. Assuming it would have been proper for plaintiff to move before the clerk to strike out the answer and for judgment by default and inquiry, and the clerk had granted said motions, after due notice and hearing, because of lack of authority to extend the time for filing answer or for verifying the answer theretofore filed or for other cause, defendants could have excepted and appealed. Upon appeal, the judge of the superior court, in his discretion, might or might not have granted defendants' motion for an extension of time. Any other procedure would deprive the judge of the superior court of an

opportunity to exercise his discretionary power, statutory and inherent, to grant such extension.

The clerk had no authority to enter judgment by default and inquiry in the absence of due notice to defendants or their counsel of plaintiff's motion therefor and a hearing thereon. The said judgment by default and inquiry was an irregular judgment, rendered contrary to the course and practice of the court, properly attacked by defendants' motion in the cause. *Mills v. Richardson,* 240 N.C. 187, 81 S.E. 2d 409, and authorities cited. Having so determined, it was a matter within the discretion of Judge Hall to allow the individual defendants to verify, *nunc pro tunc,* the answer theretofore filed by them.

The procedure required is analogous to that in actions for the recovery or possession of real property. In such actions, if defendant (unless excused under G.S. 1-112) fails to file the required bond, plaintiff is entitled to judgment by default final as to title and possession. G.S. 1-111. By statute, the clerk is authorized to enter such judgment. G.S. 1-209, G.S. 1-211(4). See *Morris v. Wilkins,* 241 N.C. 507, 85 S.E. 2d 892. Even so, when defendant answers without filing the required bond, judgment by default final by reason of defendant's failure to file such bond is irregular unless entered after hearing on return of notice to defendant to appear and show cause why this should not be done. *Shepherd v. Shepherd,* 179 N.C. 121, 101 S.E. 489; *Gill v. Porter,* 174 N.C. 569, 94 S.E. 108; *Becton v. Dunn,* 137 N.C. 559, 50 S.E. 289; *Cooper v. Warlick,* 109 N.C. 672, 14 S.E. 106; *McMillan v. Baker,* 92 N.C. 110.

Having reached the conclusion that the said judgment by default and inquiry was properly set aside for the reasons stated, we need not discuss the sufficiency of the facts found to warrant setting aside said judgment by default and inquiry on the ground of excusable neglect, etc., defendants having a meritorious defense, under G.S. 1-220. One sufficient ground for sustaining the order is enough.

In accordance with Judge Hall's order, the individual defendants have verified the answer theretofore filed by them 10 September, 1954. After much ado about very little, it would seem appropriate for plaintiff now to concentrate on the merits of his action and to get on with the trial.

The order of Judge Hall is, in all respects,
Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.