COLUMBUS  COUNTY  v.  D.  W.  THOMPSON  AND  WIFE,  LULA  THOMPSON.

(Filed 25 February, 1959.)

**1.  Judgments § 25—**

A judge of the Superior Court has original as well as appellate juris-diction to set aside a default judgment.

**2.  Process § 2—**

Under G.S. 1-89, prior to the 1939 amendment, the service of sum-mons more than ten days after its issuance in tax foreclosure proceedings, without any *alias* or *pluries* summons, is tantamount to nonservice, since the summons has lost its validity at the time of service.

**3.  Judgments § 27b—**

Where there is no valid service, the judgment is void.

**4.  Same—**

A void judgment is a nullity and neither the lapse of time nor a gen-eral appearance can give it validity.

**5.  Appeal and Error § 22—**

An assignment of error, unsupported by exception, that the court erred in finding that the evidence was insufficient to sustain appellant's mo-tion is a broadside exception and ineffectual because of noncompliance with the Rules of Court. Rules of Practice in the Supreme Court Nos. 19(3) and 21.

**6.  Appeal and Error § 21—**

An appeal itself will be treated as an exception to the judgment.

**7.  Same—**

An exception to the signing of the judgment presents for review the questions whether the facts found support the judgment and whether any error of law appears on the face of the record, but it does not pre-sent for review the evidence upon which the findings are based.

**8.  Appeal and Error § 49—**

The determinative question was the date summons was served in the action. The trial court found that the record offered by movant was erroneous on its face as to the dates of issuance and service of sum-mons, and could not be relied upon as a true and correct copy of the proceedings. *Held:* The court should have found with particularity the controlling facts in order that it may be determined on appeal whether the facts found support the judgment.

**9.  Appeal and Error § 55—**

Where the court does not find sufficient facts to support the judgment, the cause must be remanded.

APPEAL by defendant D. W. Thompson and movant Herbert Ran-som from *Seawell, J.,* March Term 1958 of COLUMBUS. Argued as Case No. 613 Fall Term 1958.

Civil action to foreclose tax sale certificates, heard on motion of the defendant D. W. Thompson, to which motion Herbert Ransom made himself a party and adopted it as his own, to vacate a judgment by default entered therein on 28 July 1929 by the Clerk of the Superior Court of Columbus County, appointing a commissioner, and ordering a sale of the land described in the complaint at public auction. This judgment is recorded in Judgment Docket 12, pages 64 and 65. On 25 August 1930 the commissioner reported to the court that Columbus County became the last and highest bidder. The motion does not request that the final decree of confirmation by the Clerk dated 2 March 1940, ordering a deed for said land to be executed and delivered to Columbus County, and the deed apparently executed pursuant thereto, be vacated.

It would seem from an answer to the motion filed by Flossie H. Robinson and Mary Wade Robinson, although no deeds are copied in the Record, that Columbus County on 2 December 1948 conveyed by deed the land, or some part of it, to Wade H. Robinson, and that Wade H. Robinson died leaving as his sole heirs Flossie Robinson, widow, and Mary Wade Robinson, daughter.

It would also seem from the Record, although again no deeds appear in the Record, that D. W. Thompson and wife conveyed by deed this land to Ernest R. Ashley, who conveyed it by deed dated 12 July 1957 to Herbert Ransom.

The motion filed by D. W. Thompson, and adopted as his own by Herbert Ransom, avers that the judgment by default entered on 28 July 1930 is void for lack of jurisdiction for that "the summons was not served on the defendant D. W. Thompson after its issue within the time required by law and this defect appears from the record of the officer's return." The motion alleges three other grounds to vacate this judgment, but as no evidence was offered in support thereof, they are not set forth.

The only evidence at the hearing was introduced by D. W. Thompson and Herbert Ransom, and consisted of the judgment dated 28 July 1930, Chapter 334, Public Laws of North Carolina, Session 1929, and Chapter 66, Public Laws of North Carolina, Session 1927.

The judgment dated 28 July 1930 recites, *inter alia*, that a verified complaint was filed in the Clerk's Office on 29 November 1929 and a summons was issued from his office on said date, and returned with the following endorsement:

"Received Nov. 27, 1929, Served Dec. 20, 1929, by delivering a copy of the within summons and a copy of the complaint to

each of the following defendants: D. W. Thompson & wife Lula Thompson.

JOHN W. HALL, Sheriff Col. Co.
By M. W. HOBBS, D. S."

This judgment also recites that no answer or demurrer has been filed to the complaint, and that the time for filing same has expired.

Judge Seawell's judgment recites that the movants offered in evidence the judgment dated 28 July 1930, and then follows in his judgment the following language: "and the Court finds as a fact that the original papers in said judgment have been lost or misplaced and cannot be found, and that the record as offered by the movant is on its face erroneous as to dates of the issuance of summons, service of summons, and filing of complaint, and cannot be relied upon as a true and correct copy of the proceedings in said cause, and that said judgment has remained of record since July 28, 1930, and should not at this late date be disturbed or set aside without clear, strong and convincing proof, and that after the rendition of the said judgment that none of the purported owners of said land ever listed same for taxes and treated and considered said judgment as valid; It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that plaintiff's (sic) motion be and the same is hereby denied."

From the judgment, the defendant D. W. Thompson and the movant Herbert Ransom appeal.

*John K. Burns for appellants D. W. Thompson and Herbert Ransom.*

*Sankey W. Robinson and James Dick Proctor for appellees Flossie H. Robinson and Mary Wade Robinson.*

PARKER, J. Judge Seawell had jurisdiction to hear the motion, for the reason that the jurisdiction of the Superior Court Judge on a motion to set aside a judgment by default entered by the Clerk is original as well as appellate. *Rich v. R. R.*, 244 N.C. 175, 92 S.E. 2d 768; *Moody v. Howell*, 229 N.C. 198, 49 S.E. 2d 233; *Caldwell v. Caldwell*, 189 N.C. 805, 128 S.E. 329.

In this action to foreclose tax sale certificates held by Columbus County, the complaint avers that the land therein described was listed for the year 1927 in the names of D. W. Thompson and wife, ............ Thompson. Chapter 334, Public Laws of North Carolina, Session 1929, which was the statute in force at the time, provided that

D. W. Thompson and his wife shall be made defendants, and shall be served with process as in civil actions.

Chapter 66, Public Laws of North Carolina, Session 1927, which was in force in 1930, required the sheriff to whom the summons was addressed for service in this tax foreclosure action to serve it on the defendants within ten days after the date of its issue. Chapter 15, Public Laws of North Carolina, Session 1939, amended the ten days requirement, and enlarged the time for service of summons in tax foreclosure actions to within sixty days after the date of its issue. This is the present law. G.S. 1-89.

There is no suggestion in the instant case of the issuance and service on the defendants of any *alias* or *pluries* summons. The defendants neither answered nor demurred. The judgment entered was a default judgment.

The authority of the sheriff to serve the summons in this case on the defendants was limited by the statute in force at the time to within ten days after the date of its issue. If the sheriff failed to serve the summons addressed to him upon the defendants within the time prescribed by the statute, and this appears from the sheriff's return on the copy of the summons, this summons had lost its vitality and was *functus officio* when the sheriff served it. *Green v. Chrismon,* 223 N.C. 724, 28 S.E. 2d 215. As was said in *Atwood v. Atwood,* 233 N.C. 208, 63 S.E. 2d 103: "Hence it appears from the return of the sheriff that what he did as to service of the summons was at a time when the life of the summons had expired, and when he had no authority to serve it. Thus, the return, in a legal sense, is tantamount to a return of non-service."

Where there is no service of process, the court has no jurisdiction, and its judgment is void. A void judgment is a nullity, and no rights can be based thereon. *Collins. v. Highway Com.,* 237 N.C. 277, 74 S.E. 2d 709; *Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460 " 'The passage of time, however great, does not affect the validity of a judgment; it cannot render a void judgment valid.' 31 Am. Jur., 66; Anno. 81 A. S. R., 559." Now 30-A Am. Jur., 170. *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311. See also, *Com'rs. of Roxboro v. Bumpass,* 233 N.C. 190, 63 S.E. 2d 144.

An appearance to vacate a judgment entered by default cannot validate such default judgment, if it is void because rendered when the court had no jurisdiction. *Harrington v. Rice,* 245 N.C. 640, 97 S.E. 2d 239; *Harrell v. Welstead,* 206 N.C. 817, 175 S.E. 283.

This is the sole assignment of error of the appellants: "That the court erred in finding that the evidence was insufficient to sustain the motion of movants and entering an order denying movants' mo-

tion to set aside and vacate judgment No. 15368."

The assignment of error "that the court erred in finding that the evidence was insufficient to sustain the motion of movants" is not supported by an exception, and is broadside, in that it does not specifically and distinctly point out the alleged error so that in the assignment of error we can see the alleged error made by the judge. It is ineffectual because of noncompliance with the rules and decisions of this Court. Rule 19(3) and Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 544 *et seq.; Caldwell v. Bradford,* 248 N.C. 48, 102 S.E. 2d 399; *Putnam v. Publications,* 245 N.C. 432, 96 S.E. 2d 445; *Burnsville v. Boone,* 231 N.C. 577, 58 S.E. 2d 351; *Vestal v. Vending Machine Co.,* 219 N.C. 468, 14 S.E. 2d 427.

The appeal entries state that the movants except to the signing of the judgment, and appeal to the Supreme Court. The appeal itself will be treated as an exception to the judgment. *Ellis v. R.R.,* 241 N.C. 747, 86 S.E. 2d 406; *Casualty Co. v. Green,* 200 N.C. 535, 157 S.E. 797.

An exception to the signing of the judgment brings up for review two questions: (1) Do the facts found support the judgment, and (2) does any error of law appear upon the face of the record? *City of Salisbury v. Barnhardt,* 249 N.C. 549, ... S.E. 2d . ...; *Bailey v. Bailey,* 243 N.C. 412, 90 S.E. 2d 696; *Bond v. Bond,* 235 N.C. 754, 71 S.E. 2d 53. It does not bring up for review the evidence upon which the findings are based. *Suits v. Insurance Co.,* 241 N.C. 483, 85 S.E. 2d 602; *Hoover v. Crotts,* 232 N.C. 617, 61 S.E. 2d 705; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609.

The motion and answer thereto raised questions of fact. It was the duty of the court "to hear the evidence, find the facts and render judgment." *Harrington v. Rice, supra.*

The trial judge found that "the record as offered by the movant is on its face erroneous as to dates of the issuance of summons, service of summons, and filing of complaint, and cannot be relied upon as a true and correct copy of the proceedings in said cause." This is a conclusion, and not a finding of facts. The judge should have found with particularity the facts, so that we can determine whether the facts found support the judgment.

The trial court found as a fact "that after the rendition of the said judgment that none of the purported owners of said land ever listed same for taxes and treated and considered said judgment as valid." Whether Herbert Ransom, and his predecessor in title Ernest R. Ashley ever listed the land for taxes, and whether they and the Robinsons treated and considered said judgment as valid are not before us for decision, on the motion of appellants directed solely to the alleged

lack of jurisdiction of the court to render the judgment by default, because the service of summons upon the defendants was not made within the time required by statute from the time of its issuance. Herbert Ransom and the Robinsons, if they so desire, can litigate their contentions another day and in another proceeding.

We are of opinion that the court below has not sufficiently found the facts so that we can accurately and safely pass upon the judgment denying appellants' motion.

Error and Remanded.