GEORGE E. MOTLEY AND THELMA B. MOTLEY v.
JAMES THOMPSON, JAMES I. ESSA AND JOSEPH ESSA.

(Filed 14 June 1963.)

**1. Appeal and Error § 49—**

Where there is no request for findings of fact, it will be presumed that the court found facts sufficient to support its order, notwithstanding that no findings appear of record.

**2. Ejectment § 8—**

The statutory requirement of bond in actions in ejectment may be waived, and therefore in plaintiffs' action in trespass in which defendants file a counterclaim in ejectment, judgment by default in favor of defendants on the counterclaim for want of a bond is properly set aside when plaintiffs file a reply to the counterclaim and raise no objection based

on want of bond until some weeks thereafter when, without notice to plaintiffs, they move for default judgment before the clerk. G.S. 1-111.

3. Pleadings § 19—

Conflicting allegations in a pleading neutralize each other.

4. Ejectment § 8—

G.S. 1-111 and G.S. 1-112 do not apply unless the party against whom relief is demanded is in possession of the property, and therefore when motion to strike a cross-action on ground of want of bond is denied, it will be assumed, in the absence of findings of record, that the court found, in accordance with allegations in the pleadings, that the parties against whom the relief was demanded were not in possession.

5. Trespass § 1.1—

The basis of trespass to personalty is injury to possession, and therefore the owner of a house may be liable for trespass if he unlawfully removes and damages chattels in the house in possession of another, and the denial of trespass in such instance raises an issue of fact for the jury.

6. Pleadings § 30—

Judgment on the pleadings is correctly denied when the pleadings raise an issue of fact on any single material proposition.

APPEAL by defendants from *Crissman, J.,* 7 January 1963 Session of GUILFORD—Greensboro Division.

Civil action to recover damages for trespass *quare clausum fregit,* heard upon defendants' motion to strike plaintiffs' reply and for judgment on the pleadings, and upon plaintiffs' motion to strike a judgment by default final heretofore signed by the assistant clerk of the superior court on 9 August 1962.

The motions were heard upon the pleadings and the argument of counsel of the parties.

From an order denying defendants' motion and allowing plaintiffs' motion, defendants appeal.

*J. Kenneth Lee for defendant appellants.*
*Wm. E. Comer for plaintiff appellees.*

PARKER, J.   The complaint verified by plaintiffs' counsel alleges in substance: Plaintiffs, husband and wife, on 24 February 1962 were residing in a house at 517 High Street, Greensboro, North Carolina, in which they had household furniture and furnishings and typesetting equipment of which they were joint owners. On that day while they were not in the house, defendant James Thompson, an employee of the defendants James I. Essa and Joseph Essa acting under the orders

of his employers, drove a truck to this house. The door was locked. He knocked the front door down with a sledge hammer and crowbar, entered, demolished the house in part, loaded the truck with some of their furniture and furnishings of the value of $1,600, and hauled it away to some place still unknown to them. Defendants also hauled away $1,000 of their typesetting equipment, which has never been returned. When Thelma B. Motley returned to the house, Thompson in the presence of James I. Essa was loading the truck again with their furniture and furnishings and part of the typesetting equipment. She asked them to stop and get off the premises. They refused. She obtained a warrant against them for trespass. Whereupon, they dumped the furniture and furnishings and typesetting equipment in the truck on the ground and drove off. Plaintiffs carried this back in the house, where it was damaged in the amount of $650 by rain coming into the partly demolished house. Joseph Essa claimed to be the owner of the house, but had never obtained possession. By reason of defendants' willful and malicious acts of trespass, they are entitled to recover from defendants jointly and severally actual damages in the amount of $3,250 and punitive damages in the amount of $2,500.

All the defendants filed a joint answer verified by their counsel, which we summarize: They deny that plaintiffs resided in the house at 517 High Street and had any articles of household furniture and furnishings and typesetting equipment therein at the times complained of in the complaint, and deny that they ever removed any property of plaintiffs therefrom. They aver the house was owned by defendant Joseph Essa, and was unfit for human habitation. They admit that James Thompson at the time was acting under the instructions of the defendant Joseph Essa. They deny all other allegations of the complaint. The answer contains a counterclaim and cross-action which we summarize: By deed dated 8 November 1950, and properly recorded, plaintiffs conveyed the house and premises involved in this action in fee simple to Clarence M. Winchester and wife. Defendant Joseph Essa by *mesne* conveyances became the owner in fee simple of this property on 8 February 1961, and has been such owner since that time. If plaintiffs did occupy the house, such occupancy was illegal. Plaintiffs by threats and the issuance of malicious criminal processes have prevented defendants from taking possession of the premises, and such actions on their part "constitute at least constructive possession of the plaintiffs." Pursuant to the instructions of Joseph Essa, defendant Thompson began taking down sheet rock in one room of the house and loaded it on a truck to haul away, and before the truck was moved, plaintiffs arrived, and by threats of violence caused him to stop. By

reason of plaintiffs' acts Joseph Essa has been deprived of the use and possession of his property, which has a rental value of $50 a month for parking purposes. That plaintiffs refused to vacate the premises thereby depriving defendant of the rents and profits therefrom. That plaintiffs are insolvent and a judgment against them for damages would be worthless. Wherefore, defendants pray that plaintiffs' action against them be dismissed, that the defendant Joseph Essa have judgment for the possession of the property, and a judgment for rents and profits of said property against them resulting from their retention and possession of same. The answer with its counterclaim and cross-action was served on plaintiffs on 27 April 1962.

On 9 May 1962 plaintiffs demurred to the counterclaim and cross-action. On 13 June 1962 Phillips, J., entered an order overruling the demurrer. Plaintiffs did not except to the ruling.

On 16 July 1962 plaintiffs filed a verified reply to defendants' counterclaim and cross-action, in which they deny Joseph Essa is the owner of the house and premises, and deny that they conveyed the house and premises to Clarence M. Winchester and wife, and aver the signatures on the Winchester deed are not their signatures. They further deny the house was unoccupied and unfit for human habitation, and aver that the male plaintiff has been in possession of the house and premises at all times.

On 9 August 1962 Esther R. Burch, assistant clerk of the superior court of Guilford County, entered a judgment by default final stating that it appeared that defendants' cross-action was an action in ejectment, which was served on plaintiffs on 27 April 1962, that plaintiffs before filing their reply thereto did not execute and file an undertaking as required by G.S. 1-111, and did not comply with the requirements of G.S. 1-112 so as to file the reply without a bond, and decreeing that plaintiffs be removed from the premises described in the pleadings, and that Joseph Essa be put in possession thereof.

On 4 December 1962 defendants filed a motion, in which they allege in part "that because of the very technical nature and manner in which the judgment by default final was obtained, defendant Joseph Essa did not seek to have incorporated in that judgment any other relief except the right to be put in possession of the premises here in controversy." That by reason of failure on plaintiffs' part to comply with the requirements of G.S. 1-111 and 1-112 Joseph Essa is entitled to have plaintiffs' reply stricken from the record. Wherefore, defendants pray that plaintiffs' reply be stricken from the record; that judgment on the pleadings be granted in favor of the defendants; and that in the event the court does not see fit to grant the relief requested in their

motion, that a pre-trial conference be set by the court to determine the issues of fact arising out of the pleadings so that a trial by jury may be had on those issues.

On 20 December 1962 plaintiffs filed a motion answering defendants' motion, admitting the defendants filed a cross-action in ejectment and claim for rents but that the cross-action does not allege that the plaintiffs are in the actual possession of the premises, but only that "they were in constructive possession" and, therefore, no bond was required by the provisions of G.S. 1-111. In their motion plaintiffs further aver that the defendants raised no question about their not filing a bond before filing the complaint, and that later the attorney for the defendants without any notice had the assistant clerk of the superior court of Guilford County to enter the judgment by default final appearing in the record. They further aver that if the court should find that the judgment by default final was proper, it would in nowise end this litigation in that a judgment as to the right of Joseph Essa to the possession of the property would not determine their original cause of action for trespass *quare clausum fregit*, even if plaintiffs were not the owner of the property. That even if defendants owned the property they had no right to destroy and remove plaintiffs' personal property therefrom, they being in possession. Wherefore, plaintiffs pray that the motion of defendants be disallowed, and that the judgment by default final heretofore signed without notice to the parties or their attorney of record be stricken.

Judge Crissman entered an order denying defendants' motion and allowing plaintiffs' motion. Defendants excepted to the order, and appealed to the Supreme Court.

Defendants' assignments of error are based on one exception, and that one exception is to Judge Crissman's order.

Defendants assign as error that Judge Crissman found no facts to support his order. This contention is not tenable. The record does not show that defendants requested Judge Crissman to do so, and in the absence of a request that a finding of facts be made by him in this proceeding, it is presumed that the judge upon proper evidence found facts sufficient to support his order. *Morris v. Wilkins,* 241 N.C. 507, 85 S.E. 2d 892.

Defendants further assign as error that Judge Crissman erred in vacating the judgment by default final entered on 9 August 1962. It appears in Judge Crissman's order that he heard the two motions on the pleadings and on argument of counsel. The record consists of the pleadings: it contains no other evidence. We indulge the presumption that Judge Crissman found from the pleadings the following facts,

about which it would seem there can be no dispute: That plaintiffs filed their reply on 16 July 1962 without filing a bond, and that defendants' attorney and defendants did nothing in respect to the filing of plaintiffs' reply until August 1962, when without any notice to plaintiffs or their counsel and without any demand that a bond be filed, they secured the judgment by default final on the ground that plaintiffs had not complied with the requirements of G.S. 1-111 and 1-112.

We have held that the provisions of G.S. 1-111 and 1-112 are subject to be waived unless seasonably insisted upon by the plaintiff. *Calaway v. Harris,* 229 N.C. 117, 47 S.E. 2d 796; *McMillan v. Baker,* 92 N.C. 110. In the *McMillan* case the Court held that an order of the superior court striking an answer in an action of ejectment for want of a bond by defendant is reviewable, where the defendant has been led to assume that plaintiff has waived the bond. Plaintiffs having filed their reply on 16 July 1962, and no objection to its filing having been made by defendants until 9 August 1962, and no demand for a bond having been made at any time, it was error for the assistant clerk of the superior court, after it had been on file since 16 July 1962, on 9 August 1962, without any notice to plaintiffs of defendants' motion for a judgment by default final, to give a summary judgment against plaintiffs decreeing "that the plaintiffs be removed from said premises and that the defendant Joseph Essa be put in possession thereof," and Judge Crissman properly reviewed the judgment by default final and vacated it. *McMillan v. Baker, supra; Cooper v. Warlick,* 109 N.C. 672, 14 S.E. 106; *Becton v. Dunn,* 137 N.C. 559, 50 S.E. 289; *Gill v. Porter,* 174 N.C. 569, 94 S.E. 108; *Shepherd v. Shepherd,* 179 N.C. 121, 101 S.E. 489; *Moody v. Howell,* 229 N.C. 198, 49 S.E. 2d 233; *Rich v. R.R.,* 244 N.C. 175, 181, 92 S.E. 2d 768, 773.

The bond required by G.S. 1-111 of defendants in all actions for the recovery or possession of real property is not for costs only, but secures to plaintiff such damages as he may recover in the loss of rents and profits. G.S. 1-112 sets forth the circumstances when in such a case the defendant may defend without a bond. We have held that the provisions of these two statutes do not apply to a defendant who is not in possession of the land in controversy. *Morris v. Wilkins, supra; Wilson v. Chandler,* 238 N.C. 401, 78 S.E. 2d 155; *Carraway v. Stancill,* 137 N.C. 472, 49 S.E. 957.

Defendants in their answer deny plaintiffs were in possession of the property in controversy, and aver the house was unfit for human habitation. In their counterclaim and cross-action they allege in substance that if plaintiffs did occupy the premises, it was unlawful, and

further that plaintiffs' actions constituted "at least constructive possession of the plaintiffs." These repugnant allegations of fact destroy and neutralize each other. *Johnson v. Johnson,* 259 N.C. 430, 130 S.E. 2d 876; *Lindley v. Yeatman,* 242 N.C. 145, 87 S.E. 2d 5. Further, in a part of defendants' counterclaim and cross-action which was ordered by the court stricken from the record, but which is in the record before us, it is alleged in substance that the city of Greensboro on 9 February 1962 served notice upon defendant Joseph Essa that the building here in controversy was unsafe and unfit for human habitation, and commanded him to have it demolished on or before 1 March 1962, that a notice to that effect was placed on the building by the city of Greensboro, and that before any work of demolition was done by defendant Thompson on 24 February 1962 a building inspector of the city of Greensboro entered the house through an unlocked or open door, and instructed Joseph Essa to begin its demolition. It is true that plaintiffs in their reply aver the male plaintiff was in actual possession of the premises. It would seem that this house has been demolished. With such conflicting allegations in the pleadings, and with the probability that plaintiffs are not in possession of the property in controversy here now, we deem it inadvisable here to decide whether the requirements of G.S. 1-111 and 1-112 are applicable to the filing of plaintiffs' reply.

The court below properly denied defendants' motion to strike plaintiffs' reply, for the reason we indulge the presumption that Judge Crissman found the facts to be as asserted in defendants' answer and counterclaim and cross-action that plaintiffs were not in possession of the property in controversy, even if G.S. 1-111 is applicable as contended by defendants.

Defendants assign as error the denial of their motion for judgment on the pleadings. The gist of trespass to personalty is the injury to possession, and possession alone is sufficient to maintain trespass against a wrongdoer. *Lee v. Stewart,* 218 N.C. 287, 10 S.E. 2d 804; *Frisbee v. Town of Marshall,* 122 N.C. 760, 30 S.E. 21; *Dougherty v. Stepp,* 18 N. C. 371; *Myrick v. Bishop,* 8 N.C. 485; 87 C.J.S., Trespass, sec. 19. Even if Joseph Essa owned the house in controversy as he alleges, defendants are liable in damages, if they unlawfully took, removed and damaged plaintiffs' chattels in their possession in the house, as alleged by them. Defendants alleged in their answer they did not commit a trespass on plaintiffs' chattels.

"The law does not authorize the entry of a judgment on the pleadings in any case where the pleadings raise an issue of fact on any single material proposition." *Erickson v. Starling,* 235 N.C. 643, 71

S.E. 2d 384. *Ita lex scripta est,* and applying the rule to the complaint and answer, it is manifest that Judge Crissman correctly denied defendants' motion for a judgment on the pleadings.

Defendants' assignments of error are overruled, and the order of Judge Crissman below is

Affirmed.