J. D. SERCY, MILTON S. HUDSON, J. K. ADCOX, SR., JEAN LEWIS AND REVEREND SAMUEL HARDISON, OFFICERS AND MEMBERS OF THE TRUE CONGREGATION OF LONG BRANCH PENTECOSTAL FREE WILL BAPTIST CHURCH AND THE MEMBERS OF SAID CHURCH UNITED IN INTEREST WITH SAID NAMED PLAINTIFFS, AND CONSTITUTING THE TRUE CONGREGATION OF LONG BRANCH PENTECOSTAL FREE WILL BAPTIST CHURCH, PLAINTIFFS, v. EDWARD M. WALKER, JESSE ALPHIN, RAYMOND ALTMAN, CHARLES POPE AND HAROLD BEASLEY, PURPORTED DEACONS OF LONG BRANCH NON-DENOMINATIONAL CHURCH; MRS. HAROLD BEASLEY, PURPORTED TREASURER OF SAID CHURCH, AND ALL PERSONS UNITED IN INTEREST WITH THEM AND PURPORTING TO BE THE CONGREGATION OF LONG BRANCH NON-DENOMINATIONAL CHURCH, DEFENDANTS.

(Filed 20 March 1968.)

1. **Pleadings § 30—**
    Judgment on the pleadings is improper where the pleadings raise an issue of fact on any single material proposition.

2. **Same—**
    Plaintiff's motion for judgment on the pleadings is in effect a demurrer to the answer and admits for the purpose of the motion the truth of all

SERCY *v.* WALKER.

facts well pleaded in the answer and the untruth of plaintiff's allegations which are controverted in the answer.

**3. Same—**
  On plaintiff's motion for judgment on the pleadings, defendant's answer will be liberally construed and the motion denied if the facts alleged in the answer constitute a defense or if the answer is good in any respect or to any extent.

**4. Religious Societies and Corporations § 3—**
  In an action to determine the true congregation of a church and to restrain defendants from using the church properties, plaintiffs' motion for judgment on the pleadings *is held* improvidently granted, there being material issues of fact raised by the pleadings which require the consideration of evidence.

APPEAL by defendants from *Braswell, J.,* October, 1967, Session, HARNETT Superior Court.

This is a civil action instituted by the plaintiffs against the defendants to determine the true congregation of the Long Branch Pentecostal Free Will Baptist Church, and to restrain the defendants from using said church properties and facilities. Upon the call of the case for trial, the plaintiffs made a motion for judgment on the pleadings, which motion was allowed. The Court entered judgment concluding that the defendants' answer to the complaint raised no issuable fact for jury determination in that in their answer they admit the substantive and determinative allegations of the complaint, and that as a matter of law the plaintiffs' motion for judgment on the pleadings should be allowed.

Defendants appealed.

*Boyce, Lake and Burns, by Eugene Boyce, and Bryan, Bryan and Johnson by Robert C. Bryan, Attorneys for defendant appellants.*

*W. A. Johnson, Attorney for plaintiff appellees.*

BROCK, J. The defendants assign as error the granting of the plaintiffs' motion for judgment on the pleadings, and the signing of the judgment.

The pleadings are voluminous and often argumentative, and a detailed discussion or even partial reproduction here would serve no useful purpose.

The law does not authorize the entry of a judgment on the pleadings in any case where the pleadings raise an issue of fact on any single material proposition. *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384; *Motley v. Thompson,* 259 N.C. 612, 131 S.E. 2d 447.

Plaintiffs' motion for a judgment on the pleadings is in effect, or in the nature of, a demurrer to the answer, and admits for the

purpose of their motion: one, the truth of all well-pleaded facts in the answer, and, two, the untruth of the plaintiffs' own allegations insofar as they are controverted in the answer. The answer of the appealing defendant must be construed liberally, which means that every reasonable intendment must be taken in favor of him, and if the answer contains well-pleaded facts sufficient to constitute a defense, or if it is good in any respect or to any extent, it will not be overthrown by a motion for judgment on the pleadings. *Sale v. Johnson, Commissioner of Revenue*, 258 N.C. 749, 129 S.E. 2d 465.

The plaintiffs allege, generally, that the conduct of the defendants is in violation of the *Discipline* of the church. The defendants, generally, deny this. However, since the contents and provisions of the *Discipline* are not before the Court by way of the pleadings, no determination can be made as to whether defendants have violated the *Discipline* in any respect, and, if so, what effect it would have.

The plaintiffs allege that the defendants have formed a non-denominational church. The defendants deny this.

The plaintiffs allege that the defendants do not now support the usages, customs, doctrines and practices recognized and accepted by both factions of the congregation before this dissension arose. The defendants deny this.

The plaintiffs allege, and the defendants admit, that the defendants are not now members of the fellowship of the Pentecostal Free Will Baptist Church, Inc., a Conference of Free Will Baptist Churches.

The crucial finding of fact in the judgment appealed from is as follows:

"7. That the named defendants and those united in interest with them have diverted the property of Long Branch Pentecostal Free Will Baptist Church to the support of usages, customs, doctrines and practices radically and fundamentally opposed to the characteristic usages, customs, doctrines and practices recognized and accepted by both factions of the congregation before the dissension between them arose and that the plaintiffs and those united in interest with them have remained true to said usages, customs, doctrines and practices."

After a careful and thorough examination of the record, we hold that it does not justify findings upon the pleadings sufficient to render final judgment thereon. There are material issues of fact raised by the pleadings, the resolution of which require the consideration of evidence.

Judgment on the pleadings in this case was improvidently entered.

This disposition of the appeal reinstates the Temporary Injunction entered by Braswell, J., on 9 October 1967, and requires that a new Order be issued to the defendants to show cause, if any they have, why the injunction should not be continued in effect until the final hearing in this cause.

Reversed.

MALLARD, C.J. and BRITT, J., concur.