W. W. HORTON, A. G. WHITENER, WHITENER REALTY COMPANY, INC., WOODWORKERS SUPPLY COMPANY, INC., ET AL., ON BEHALF OF THEMSELVES AND ALL OTHER TAXPAYERS OF THE CITY OF HIGH POINT v. REDEVELOPMENT COMMISSION OF HIGH POINT, P. HUNTER DALTON, JR., JAMES H. MILLIS, FRED W. ALEXANDER, DALE C. MONTGOMERY, CLARENCE E. YOKELEY; AND CITY OF HIGH POINT, A MUNICIPAL CORPORATION, CARSON C. STOUT, MAYOR, ARTHUR G. CORPENING, JR., ROY B. CULLER, R.D. DAVIS, J. H. FROELICH, H. G. ILDERTON, B. G. LEONARD, F. D. MEHAN, AND LYNWOOD SMITH.

(Filed 23 March, 1966.)

1. Appeal and Error § 60—

The decisions of the Supreme Court on prior appeals constitute the law of the case in respect of the questions then presented and decided, both in the subsequent proceedings in the trial court and on subsequent appeal.

2. Same; · Municipal Corporations § 4—

Where a prior appeal holds that the taxpayers of the municipality were entitled to enjoin the prosecution of the urban redevelopment plan set forth unless and until the plan was modified so as to eliminate a specified feature thereof, *held*, upon the elimination of the specified feature the court should adjudge that the prayer for injunctive relief be denied. Such judgment would not preclude property owners from attacking the modified plan on grounds relating to their status as property owners, or preclude plaintiffs from instituting another action in the event defendants should act in violation of the former decisions of the Supreme Court.

MOORE, J., not sitting.

APPEAL by plaintiffs from *Gambill, J.*, Regular May 17, 1965, Civil Session of GUILFORD, High Point Division, docketed and argued as No. 686 at Fall Term 1965.

Taxpayers' action for injunctive relief.

Reference is made to the preliminary statements and opinions in our decisions in connection with the three prior appeals in this case: (1) 259 N.C. 605, 131 S.E. 2d 464; (2) 262 N.C. 306, 137 S.E. 2d 115; and (3) 264 N.C. 1, 140 S.E. 2d 728.

Our decision on third appeal was filed March 17, 1965, and certified to Guilford County on March 29, 1965. Thereafter, motions were made by plaintiffs and by defendants for "judgment in conformity with the decision (opinion) of the Supreme Court." A hearing was held May 3, 1965. On May 19, 1965, Judge Gambill entered judgment which, after quoting that portion of the opinion of Rodman, J., on third appeal following the words, "(w)e conclude" (264 N.C. p. 10), continues as follows:

"AND IT FURTHER APPEARING TO THE COURT, and the Court finding as a fact that on 26 March 1965 the defendant Redevelop-

ment Commission of High Point eliminated from the Redevelopment Plan the acquisition of an easement over the Southern Railway right of way and the proposed covering of the railroad tracks in downtown High Point, which modification of the Redevelopment Plan was approved by the City Council of High Point on 2 April 1965, and that a second modified cooperation agreement was entered into between the City of High Point and the Redevelopment Commission under date of 2 April 1965, which agreement approved the deletion from the Redevelopment Plan of the proposed project for covering the Southern Railway tracks and reflected the reduced project costs resulting from the abandonment of the track-covering portion of the Plan, and that said modifications have been approved by the United States of America and High Point College;

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED *that the Commission and High Point have modified the Plan to meet statutory requirements as interpreted in the decisions of the Supreme Court of North Carolina, and the judgment heretofore entered by the Honorable Allen H. Gwyn as of 28 August 1964, filed on 2 September 1964, is hereby modified to conform with said opinion of the Supreme Court of North Carolina filed 17 March 1965.*" (Our italics.)

Plaintiffs excepted and appealed.

*Harriss H. Jarrell for plaintiff appellants.*

*Knox Walker and Haworth, Riggs, Kuhn & Haworth and Jordan, Wright, Henson & Nichols for defendant appellees.*

BOBBITT, J.  The decisions of this Court on prior appeals constitute the law of this case in respect of the questions then presented and decided, both in the subsequent proceedings in the trial court and on the present appeal. *Collins v. Simms,* 257 N.C. 1, 125 S.E. 2d 298; *Glenn v. Raleigh,* 248 N.C. 378, 103 S.E. 2d 482; *Maddox v. Brown,* 233 N.C. 519, 64 S.E. 2d 864.

Affidavits offered by plaintiffs at the hearing before Judge Gambill relate to questions presented and decided on the former appeals.

On third appeal, this Court held, in substance, that defendants should be restrained unless and until the Redevelopment Plan was modified so as to eliminate therefrom all provisions relating to the Pedestrian Plaza. Judge Gambill, on sufficient documentary evidence, found as a fact the Redevelopment Plan had been so modified. As a result of the elimination of the estimated cost of the Pedestrian Plaza from the estimated total cost of the project, the plan was modified so as to reduce proportionately the amount to be provided by the City of High Point by local grants-in-aid and

HORTON v. REDEVELOPMENT COMMISSION.

revenues derived from sources other than taxation or a pledge of its credit.

We are of opinion, and so decide, the italicized portion of the judgment should be stricken and in lieu thereof the following should be substituted, *viz.*: "Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that plaintiff's prayer for injunctive relief in respect of the Redevelopment Plan as modified April 2, 1965, be and is denied, and that this action be and is dismissed." It is ordered that the judgment be and is so modified, and that the judgment as so modified be and is affirmed.

Questions decided on former appeals *include* the following:

1. A municipality may be enjoined from spending the money derived from taxes and from levying taxes and issuing bonds for an urban redevelopment project unless and until such project is approved by a majority of the qualified voters of such municipality.

2. Plaintiffs sue in their role as general taxpayers of the City of High Point. The one plaintiff who owns property within the redevelopment area asserts no special rights deriving from said ownership.

3. Conflicts in evidence presented questions of fact rather than issues of fact; and the factual findings herein "are not binding on one not now a party." (264 N.C. p. 4.)

4. Owners of property in the redevelopment area are not precluded from attacking the Redevelopment Plan as modified on grounds relating to their status as property owners rather than as general taxpayers.

The decision that plaintiffs as general taxpayers are not now entitled to enjoin defendants from proceeding in accordance with the Redevelopment Plan as modified on April 2, 1965, does not preclude plaintiffs from instituting another action in the event defendants should act in violation of the decisions of this Court in this case.

Modified and affirmed.

MOORE, J., not sitting.