MRS. SUE W. BASS, Widow, ELIZABETH I. NANCE, Mother, HORACE G. BASS, Father, CARL LEE BASS, Deceased, Employee v. MOORESVILLE MILLS, Employer, LIBERTY MUTUAL INSURANCE CO., Carrier

No. 7222IC257

(Filed 28 June 1972)

1. Appeal and Error § 68—law of the case

Decision on former appeal is the law of the case upon the facts then presented both upon a subsequent hearing and subsequent appeal.

2. Master and Servant § 79— workmen's compensation — rescinding of separation agreement — living apart for justifiable cause

There was sufficient evidence to support a determination by the Industrial Commission that a separation agreement between the deceased employee and his wife had been rescinded by their resumption of marital relations and that at the time of the husband's death they were living separate and apart for justifiable cause.

APPEAL by Elizabeth I. Nance from North Carolina Industrial Commission, opinion and award of 10 November 1971.

*Hugh M. McAulay and J. C. Sedberry for plaintiff appellee (Mrs. Sue Wright Bass, Widow).*

*Collier, Harris & Homesley by Walter H. Jones, Jr., for petitioner appellant (Elizabeth I. Nance, Mother).*

HEDRICK, Judge.

This matter was before this Court at the Spring Session 1971 as case number 7122IC234. For a more detailed recital of the facts and law in this case, see *Bass v. Mooresville Mills*, 11 N.C. App. 631, 182 S.E. 2d 246 (1971), where Judge Graham, speaking for the Court, said:

"For the reasons set forth, the opinion and award of the Commission cannot be sustained. However, there was evidence before the Commission which if found to be true would entitle the wife to the benefits claimed. The case must therefore be remanded for consideration of this evidence and a determination of the crucial issues which it raises."

Upon further consideration, pursuant to the directions of this Court, the Commission made the following pertinent findings and conclusions:

"After the entering of the separation agreement, deceased started visiting his wife who was living with her child by a previous marriage and with a female roommate, Beth Jones. Deceased and his wife resumed marital relations. The separation agreement, at least to the future, was thus rescinded. They were intending to resume living together as husband and wife. However, such resumption of living together was delayed by the fact that Beth Jones, the roommate of the wife, was living in the home. Beth Jones intended to move out of the home on the weekend following 23 November 1969 at which time the resumption of deceased and his wife living together was to occur. The only reason deceased and his wife were not living together on 26 November 1969 was because of the wife having a roommate and merely reasons of convenience. This constituted justifiable cause for deceased and his wife to be living separate and apart at the time of the death of deceased on 26 November 1969.

\*    \*    \*

Deceased employee was survived by no actual whole dependents. He was survived by his widow, Mrs. Sue W. Bass, who was living apart from deceased employee for justifiable cause at the time of his death, a separation agreement between deceased and his widow having been rescinded by their resuming marital relations. Such widow is conclusively presumed to be wholly dependent upon deceased employee for support and is thus entitled to compensation at the rate of $50.00 per week for a period of 350 weeks, commencing 27 November 1969. G.S. 97-2 (14) ; G.S. 97-38; G.S. 97-39."

[1, 2] Appellant contends the Commission erred in finding and concluding that the separation agreement between the deceased and his wife had been rescinded by their resuming marital relations and that at the time of the death of the husband they were living separate and apart for justifiable cause. The decision on a former appeal is the law of the case upon the facts then presented both upon the subsequent hearing and upon subsequent appeal. 1 Strong, N.C. Index 2d, Appeal and Error § 68, pp. 244-5. This Court held on the former appeal that the wife's evidence, if found to be true, would support a conclusion that the parties were living apart for

justifiable cause. The decision of this Court reported in the former appeal is the law of this case. We hold there is sufficient competent evidence in the record to support the Commission's findings and conclusions which in turn support the opinion and award dated 10 November 1971 which is

Affirmed.

Judges BRITT and PARKER concur.