NORTH CAROLINA NATIONAL BANK v. VIRGINIA CAROLINA BUILDERS

No. 414A82

(Filed 8 February 1983)

**1. Appeal and Error § 2— Court of Appeals—one panel may not overrule decision of another**

One panel of the Court of Appeals may not overrule the decision of another panel on the same question in the same case. Thus, where a panel of the Court of Appeals had denied a petition for a writ of certiorari to review an order of the trial court, a second panel of that Court had no authority to exercise its discretion in favor of reviewing the trial court's order.

**2. Judgments § 13; Rules of Civil Procedure § 55— answer filed by out-of-state attorney not admitted to practice—default judgment not proper**

The Court of Appeals erred in holding that plaintiff could obtain a default judgment when there was an answer on file on the ground that the answer was filed by an out-of-state attorney who had not qualified under G.S. 84-4.1 to practice in North Carolina. G.S. 1A-1, Rule 55(a).

Justices COPELAND and FRYE did not participate in the consideration or decision of this case.

ON appeal from a decision of the Court of Appeals, opinion by *Judge Hedrick* with *Judge Arnold* concurring and *Chief Judge Morris* dissenting, 57 N.C. App. 628, 292 S.E. 2d 135 (1982), reversing an order of *Judge James Long* entered on 6 April 1981 following a hearing in ROCKINGHAM Superior Court setting aside a default judgment.

*Harrington, Stultz & Maddrey by Thomas S. Harrington, for plaintiff appellee.*

*Bryant, Drew, Crill & Patterson, P.A., by Victor S. Bryant, Jr., for defendant appellant.*

EXUM, Justice.

The first question raised in this case is whether one panel of the Court of Appeals may overrule the decision of another panel on the same question in the same case. We conclude that it may not. On the merits, we conclude the Court of Appeals also erred in holding that plaintiff may obtain a default judgment when there is an answer on file on the ground the answer was filed by an out-of-state attorney not authorized to practice in North Carolina.

On 3 July 1979 plaintiff filed complaint for recovery of $32,650.81 allegedly owed it on a promissory note executed by defendant. Defendant employed John D. Epperly, an attorney licensed to practice in Virginia with offices in Martinsville, Virginia, to represent it in the action. Mr. Epperly filed an answer to the complaint on 25 July 1979, alleging that only $1,000 plus interest on that amount was owed. Mr. Epperly failed, however, to obtain the limited admission to practice in North Carolina afforded out-of-state attorneys under G.S. 84-4.1. Plaintiff filed a reply to defendant's answer on 27 July 1979.

On 19 October 1979 plaintiff filed motion for entry of default under Rule 55 of the North Carolina Rules of Civil Procedure, citing the failure of defendant's attorney to comply with G.S. 84-4.1 as the basis for plaintiff's entitlement to a default judgment. Victor S. Bryant, Jr., a licensed North Carolina attorney, filed notice of appearance on 8 November 1979, and specified that he would be actively defending the case with Mr. Epperly. The Clerk of Rockingham Superior Court filed an entry of default on 2 February 1981, and entered a default judgment on 3 February 1981. Plaintiff was awarded the amount sought, plus interest on the principal owed until payment was made and costs of the action.

Mr. Bryant filed a motion on 16 February 1981, pursuant to Rule 55(d) of the North Carolina Rules of Civil Procedure, to set aside the entry of default.[1] Mr. Epperly filed a separate motion to set aside the default judgment, pursuant to Rule 60(b), on 17 February 1981. He also filed on 16 March 1981 a motion for admission to practice under G.S. 84-4.1 for the purpose of representing defendant in this action.

Judge Long granted Mr. Epperly's motion to practice on 21 April 1981, but provided that the court's order would be applied prospectively only in order not to prejudice any rights already accrued to plaintiff. He also granted the motion to set aside the default judgment. In doing so, he first took judicial notice of a custom among Virginia attorneys practicing in areas near the North Carolina border to appear in North Carolina courts without

---

1. Mr. Bryant subsequently supplemented this motion with a motion filed on 26 February 1981 to set aside the default judgment.

complying with the provisions of G.S. 84-4.1. He found Mr. Epperly's failure to comply to be "in keeping with such practice and custom." He further found that defendant had alleged a valid defense to the action, and that even if Mr. Epperly had been negligent in failing to comply with G.S. 84-4.1 in a timely fashion, his negligence should not be imputed to defendant. He ordered that the default judgment be set aside.

Plaintiff on 12 June 1981 petitioned the Court of Appeals for a writ of certiorari which was denied on 8 July 1981 by a panel of the Court of Appeals composed of Judges Clark, Webb and Wells. Plaintiff on 3 August 1981 filed a record on appeal in the Court of Appeals, pursuant to a notice of appeal given on 27 April 1981. Defendant filed a motion to dismiss the appeal on 14 August 1981.

The Court of Appeals reversed the decision of the trial court to set aside the judgment without expressly ruling on the motion to dismiss. Judge Hedrick, writing for the majority, recognized that orders setting aside default judgments are ordinarily nonappealable interlocutory orders. He declared, however, that "because the present order contains serious error regarding a matter of great importance we, in our discretion, choose to review it." The majority noted its disapproval of the trial court's taking judicial notice of widespread failure to comply with North Carolina statutory requirements for out-of-state attorneys to practice in this state. It concluded that Mr. Epperly's failure to comply with G.S. 84-4.1 was inexcusable negligence that should be imputed to defendant; therefore, the trial court erred in setting aside the judgment.

Judge Morris dissented on the ground that the appeal was interlocutory and that she "perceive[d] no reason to exercise our discretionary authority to review the matter by treating this purported appeal as a petition for writ of certiorari and allowing the writ," particularly since "[a]nother panel has already denied a petition for a writ of certiorari previously filed here by plaintiff." She also disagreed with the majority's determination on the merits, citing the rule that a default may not be entered by the clerk after an answer has been filed even if that answer is technically deficient. Plaintiff had not challenged the answer with a motion to strike, thus the answer remained of record.

Defendant appealed to this Court as a matter of right under G.S. 7A-30(2).

[1]    Under the general rule set forth in *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E. 2d 431, 433-34 (1980), the superior court's order setting aside the default judgment in the instant case is not appealable because it is interlocutory, and there has been no showing that it affects a substantial right and will cause irreparable injury to plaintiff if left uncorrected before appeal from a final judgment. Both panels of the Court of Appeals that considered this case correctly concluded the order was not appealable and could be considered by the Court of Appeals only in the exercise of that court's discretionary power to grant appellate review. The first panel determined in its discretion not to review the case. Later, the second panel determined to exercise its discretion in favor of review. Thus, on the question of reviewability, the second panel of the Court of Appeals in effect overruled the first.

Although we have never considered the question, well-established analogies in our law lead us to conclude that the second panel of the Court of Appeals was without authority to overrule the first on the same question in the same case. Once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question not only on remand at trial, but on a subsequent appeal of the same case. *Tennessee-Carolina Transportation, Inc. v. Strick Corp.*, 286 N.C. 235, 239, 210 S.E. 2d 181, 183 (1974); *Horton v. Redevelopment Commission of High Point*, 266 N.C. 725, 726, 147 S.E. 2d 241, 243 (1966); *Bass v. Mooresville Mills*, 15 N.C. App. 206, 207-08, 189 S.E. 2d 581, 582, *cert. denied*, 281 N.C. 755, 191 S.E. 2d 353 (1972). At the trial level "[t]he well established rule in North Carolina is that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E. 2d 484, 488 (1972). "The power of one judge of the superior court is equal to and coordinate with that of another, and a judge holding a succeeding term of court has no power to review a judgment rendered at a former term on the ground that the judg-

ment is erroneous." *Michigan National Bank v. Hanner*, 268 N.C. 668, 670, 151 S.E. 2d 579, 580 (1966).

Applying these principles to the question before us, we conclude that once a panel of the Court of Appeals has decided a question in a given case that decision becomes the law of the case and governs other panels which may thereafter consider the case. Further, since the power of one panel of the Court of Appeals is equal to and coordinate with that of another, a succeeding panel of that court has no power to review the decision of another panel on the same question in the same case. Thus the second panel in the instant case had no authority to exercise its discretion in favor of reviewing the trial court's order when a preceding panel had earlier decided to the contrary.

Our decision on this point in no way impinges on the power of this Court or the Court of Appeals to change its ruling upon a motion to rehear, or on the court's own motion, if the court determines that its former ruling was clearly erroneous. In the case of the Court of Appeals, however, such a change must be made, if at all, by the same panel which initially decided the matter. Otherwise, a party against whom a decision was made by one panel of the Court of Appeals could simply continue to press a point in that court hoping that some other panel would eventually decide it favorably, as indeed the plaintiff did in this case; and we would not have that "orderly administration of the law by the courts," *Rutherford College v. Payne*, 209 N.C. 792, 796, 184 S.E. 827, 830 (1936), which litigants have a right to expect.

The second panel of the Court of Appeals from which the appeal to us is taken erred, therefore, in not allowing defendant's motion to dismiss the purported appeal.

[2] Since, however, we also conclude that the Court of Appeals erred in resolving the case on its merits, we have decided, in the exercise of our supervisory power, to address this question. We agree with Judge Morris's analysis of the question whether a default judgment may be entered when an answer has been filed by an attorney not authorized to practice in North Carolina. Rule 55(a) of the North Carolina Rules of Civil Procedure states: "*Entry.*—When a party against whom a judgment for affirmative relief is sought *has failed to plead* . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter his de-

fault." (Emphasis added.) Thus, default may not be entered if an answer has been filed, even if the answer is deficient in some respect. *Peebles v. Moore,* 302 N.C. 351, 275 S.E. 2d 833 (1981) (no default judgment could be entered by clerk even though answer not timely filed); *Rich v. Norfolk Southern Railway Co.,* 244 N.C. 175, 92 S.E. 2d 768 (1956) (unverified answer precluded entry of default judgment); *Bailey v. Davis,* 231 N.C. 86, 55 S.E. 2d 919 (1949) (no default judgment could be entered by clerk even though answer not timely filed). Concern for an equitable and just result undergirds this rule. As Chief Justice Branch stated in *Peebles v. Moore, supra,* 302 N.C. at 356, 275 S.E. 2d at 836,

> We believe that the better reasoned and more equitable result may be reached by adhering to the principle that a default should not be entered, even though technical default is clear, if justice may be served otherwise. McIntosh, North Carolina Practice and Procedure (1970, Phillips Supp.) § 1670; 3 Barron and Holtzoff, Federal Practice and Procedure (Wright ed., 1961) § 1216.

> Here plaintiff does not contend that his right to fairly litigate his action has been impaired because defendant tardily filed his answer. The record shows that defendant was a few days late in filing his answer, and plaintiff delayed until answer was filed and issues joined before seeking entry of default and before filing a reply. Without considering the questions of just cause, excusable neglect or waiver, we conclude that justice will be served by vacating the entry of default and permitting the parties to litigate the joined issues.

We conclude the default judgment in the instant case was improperly entered because defendant's answer, even though filed by an out-of-state attorney, was on the record. Plaintiff's remedy was to move to strike the answer, and then to move for entry of default and default judgment. *Rich v. Norfolk Southern Railway Co., supra,* 244 N.C. at 180, 92 S.E. 2d at 772; *Bailey v. Davis, supra,* 231 N.C. at 89, 55 S.E. 2d at 921.

Because no motion to strike the answer has been made, the question whether a pleading filed by an out-of-state attorney who had not qualified under G.S. 84-4.1 may be stricken for that reason is not before us and we do not reach it. Also not before us

is the question whether defendant's employment of an out-of-state attorney to defend an action brought in North Carolina is excusable neglect. Defendant need not have made this showing because of our conclusion that the clerk was without authority to enter a default judgment while defendant's answer was on record.

The decision of the Court of Appeals is

Reversed.

Justices COPELAND and FRYE did not participate in the consideration or decision of this case.