W. H. DAIL PLUMBING, INC. v. ROGER BAKER AND ASSOCIATES, INC., AND J. GORDON FISHER, AND WIFE, SHIRLEY C. FISHER

No. 8515SC740

(Filed 7 January 1986)

1. **Laborers' and Materialmen's Liens § 8.1— plumbing in office condominium— blanket lien filed—apportionment proper**

    Where plaintiff agreed to install the plumbing and drainage systems in an office condominium complex, corporate defendant defaulted on the payments due plaintiff under the contract, and plaintiff filed a blanket lien on the entire

Dail Plumbing, Inc. v. Roger Baker & Assoc.

project pursuant to N.C.G.S. 44A-8, the trial court properly apportioned the lien and did not enforce the blanket lien on the entire complex against the individual defendants' unit.

2. **Laborers' and Materialmen's Liens § 8.1— office condominium — apportionment of lien — determination of value to be apportioned**

   In an action to determine the amount of a lien attributable to defendants' unit in an office condominium complex, there was no merit to plaintiff's contention that the value to be apportioned should be $49,518.90, the amount he allegedly expended on the project, since a lien under N.C.G.S. 44A-8 attaches only for "debts owing for labor done or professional design or surveying services or material furnished," with nothing being said about lost profit; the "debts owing" were claimed to be $13,718.61 in plaintiff's own complaint and later documents filed; the amount of the lien was limited by N.C.G.S. 44A-13(b) to the amount stated in the claim; and the evidence was clear that plaintiff had contracted with the corporate defendant for a total of $43,178.61 and that, prior to defaulting, the corporate defendant had paid $30,000 toward this total.

3. **Interest § 2— prejudgment interest — inapplicable to statutory lien**

   Prejudgment interest is not authorized when only enforcing a statutory lien, absent a contract between the parties, since N.C.G.S. 24-5(a) limits the allowance of prejudgment interest to contract actions.

APPEAL by plaintiff from *Bowen, Judge*. Judgment entered 26 April 1985 in Superior Court, ORANGE County. Heard in the Court of Appeals 5 December 1985.

Plaintiff contracted with defendant Roger Baker and Associates (Baker) to install the plumbing and drainage systems in an office condominium complex located in Chapel Hill. The contract price was $39,500.00. Defendant Baker conveyed Unit 104 of the complex to defendant Fisher. Baker defaulted on the payments due plaintiff under the contract and plaintiff filed a blanket lien on the entire project pursuant to G.S. 44A-8. Plaintiff then filed suit against the Fishers to enforce the entire lien against their unit. After summary judgment was granted for plaintiff at trial, the Fishers appealed and this Court reversed, ruling that the lien, while applicable to the Fishers' unit, could only be in the amount of the value of labor and materials provided by plaintiff attributable to their unit. *Dail Plumbing v. Roger Baker and Assoc.*, 64 N.C. App. 682, 308 S.E. 2d 452 (1983), *disc. rev. denied*, 310 N.C. 152, 311 S.E. 2d 296 (1984).

Upon remand, a trial was held before Judge Bowen, sitting without a jury, to determine the amount of the lien attributable to Unit 104. Judge Bowen found that the fair market value of

Unit 104 represented 8.83% of the fair market value of the entire complex and concluded that the lien would be in the amount of $1,211.35, or 8.83% of $13,718.61, the amount sought by plaintiff. Plaintiff appealed.

*Boxley, Bolton and Garber by Ronald H. Garber for plaintiff appellant.*

*Mount, White, Hutson and Carden, P.A., by James H. Hughes for defendants appellees.*

PARKER, Judge.

We note at the outset that defendants did not appeal from the judgment and their challenges thereto are not properly raised by cross-assignments of error which under Rule 10(d) of the Rules of Appellate Procedure are reserved for errors which "deprived the appellee of an alternative basis in law for *supporting* the judgment." (Emphasis added.) In their final purported assignment of error, defendants challenge the method used by the trial judge to apportion the lien. The trial judge utilized a comparison of fair market value of the entire complex to fair market value of defendants' unit. As defendants contend, the preferable method, in our judgment, is the method for apportioning costs under the Declaration of Condominium. However, as this issue was not properly presented, we cannot overturn the trial judge's ruling on this basis.

[1] Plaintiff first contends that it was error for the trial judge to apportion the lien and not enforce the blanket lien on the entire complex against Unit 104. In support of this argument, plaintiff contends that we are not bound by the prior decision of this Court in *Dail, supra* and that that decision was in error. This argument is without merit. The prior decision of this Court has become the law of this case and the trial judge, and this panel, are bound by that decision. *North Carolina National Bank v. Virginia Carolina Builders*, 307 N.C. 563, 299 S.E. 2d 629 (1983). The cases relied on in the first *Dail* decision adopted an apportionment theory in valuing the lien to be placed on a single unit in a condominium project. *See, e.g., Hostetter v. Inland Development Corp. of Montana*, 172 Mont. 167, 561 P. 2d 1323 (1977). This assignment of error is overruled.

[2] Plaintiff next contests the amount apportioned by Judge Bowen. Plaintiff contends that the total value to be apportioned should be $49,518.90, the total amount plaintiff alleges to have expended on the project. Plaintiff argues that this amount is necessary in order to protect the profit that it should recover for its work. However, a lien under G.S. 44A-8 attaches only for "debts owing for labor done or professional design or surveying services or material furnished." Nothing is said about lost profit. Second, the "debts owing" were claimed to be $13,718.61 in plaintiff's own complaint and later documents filed. The amount of the lien is limited by G.S. 44A-13(b) to the amount stated in the claim. The evidence was clear that plaintiff had contracted with Baker for a total, after change orders, of $43,178.61 and that prior to defaulting, Baker had paid $30,000 toward this total. Therefore, the "debts owing" to which a lien under G.S. 44A-8 could attach totalled $13,718.61. This assignment of error is overruled.

[3] Plaintiff's final assignment of error is the order of the trial judge allowing interest on the judgment only from the date of the judgment itself. Instead, plaintiff contends the interest should accrue from the date Baker breached their contract by defaulting on an installment, citing *Interstate Equipment Co. v. Smith*, 292 N.C. 592, 234 S.E. 2d 599 (1977). However, *Interstate Equipment*, as well as the other cases relied on by plaintiff, involved a breach of contract action between the parties to the contract. The Fishers were not a party to the contract breached. This is solely an action to enforce a statutory lien, governed by G.S. 44A-7, *et seq.* General Statute 44A-13(b) provides: "Judgment enforcing a lien under this Article may be entered for the principal amount shown to be due, *not exceeding the principal amount* stated in the claim of lien thereby enforced" (emphasis added). Prejudgment interest is not authorized when only enforcing a statutory lien, absent a contract between the parties. General Statute 24-5(a) limits the allowance of prejudgment interest to contract actions. Plaintiff's assignment of error is overruled.

The judgment appealed from is

Affirmed.

Judges Arnold and Wells concur.