MILLIKEN v. MILLIKEN

[105 N.C. App. 319 (1992)]

---

TERESA BELLOW MILLIKEN, PLAINTIFF v. JAMES HORTON MILLIKEN, DEFENDANT

No. 9118DC96

(Filed 4 February 1992)

1. **Divorce and Separation § 377 (NCI4th) — visitation — custodial party required to move closer to other parent — error**

    The trial court erred in a child custody action by requiring plaintiff, the custodial parent, to move to a location within 90 miles of defendant to make it easier for defendant to be more involved with the children. There was no basis in the facts found in the order to support the conclusion that it would be in the best interest of the children to require them to move from their home, neighborhood and schools to another place.

    **Am Jur 2d, Divorce and Separation §§ 999-1001.**

**2. Appeal and Error § 342 (NCI4th) — cross-assignment of error — no notice of appeal — no appellant's brief**

A cross-assignment of error to a portion of a child custody order requiring defendant to pay a portion of plaintiff's counsel fees was not before the Court of Appeals where defendant did not give notice of appeal and did not file an appellant's brief.

**Am Jur 2d, Appeal and Error §§ 316, 686.**

APPEAL by plaintiff from an order entered 17 September 1990 by *Judge William L. Daisy* in GUILFORD County District Court. Heard in the Court of Appeals 6 November 1991.

*Kathleen E. Nix for plaintiff-appellant.*

*Michael R. Ramos for defendant-appellee.*

WELLS, Judge.

This appeal follows the latest in a series of court orders dealing with the custody of the two minor children of the parties' marriage.

Prior to their separation and divorce, the parties resided in Sunset Beach, North Carolina. The parties separated on 26 January 1988, and pursuant to a separation agreement incorporated into their divorce judgment, plaintiff was awarded primary custody of the children. The agreement provided that the children could visit defendant at his home on every other weekend and during certain holiday and vacation periods.

In August 1988, plaintiff moved to Jamestown, North Carolina, where she resided at the time this order, now on appeal, was entered. Disputes arose between the parties over visitation and child/parent relationships, such that plaintiff moved the court for changes in defendant's visitation privileges, and defendant countered with a motion to award him primary custody.

In the order now on appeal, the trial court found that plaintiff lived in her own home in Jamestown, adjacent to the home of her parents; that plaintiff was employed in a High Point bank and helped support her children; that the oldest child, Justin (age 9), had attended public school in Jamestown since the fall of 1988 and was doing well in school; and that the youngest child, Megan (age 6), was enrolled in the first grade of public school in Jamestown.

MILLIKEN v. MILLIKEN

[105 N.C. App. 319 (1992)]

The trial court also made these additional pertinent findings of fact:

25. Defendant was unable to exercise his visitation privileges with the minor child Megan Milliken from June of 1989 until July of 1989; and, defendant was unable to exercise his visitation privileges with the minor child Justin Milliken from July of 1989 until January of 1990.

26. The relationship between the defendant and the minor child Justin Milliken which was disrupted in the summer of 1989 has substantially improved since visitation for the defendant with the said child resumed in January of this year; and, since January 1990, the said child's visits with the defendant have occurred regularly and without any significant problems.

27. The defendant has continued to have the minor child Megan Milliken for visitation throughout all of these proceedings.

28. The defendant has remarried and his current wife resides with him in Shallotte; and, plaintiff is engaged to be married, and she and her fiance plan to continue to reside [in] Jamestown.

29. The best interest of the minor children requires that their primary custody remain with the plaintiff and that maximum visitation with the children be provided to defendant, with the defendant having weekends which include any school holidays, such that any time there is a holiday from school on the weekend, the defendant's regularly scheduled every other weekend visit should be switched to the weekend with the holiday from school; and, that defendant should have other visitation as hereinafter ordered for holidays and summer vacation.

30. The best interest of the minor children concerned herein requires that the plaintiff and children move to a location within 90 miles of Shallotte, North Carolina on or before August 15, 1991 so that they will live closer to defendant, which will make it easier for defendant to be more involved with the children.

. . .

[1]   The trial court concluded that the best interest of the children required plaintiff to move to a location within 90 miles of Shallotte on or before 15 August 1991, and entered, *inter alia*, an order

to that effect. It is from the order requiring plaintiff and her children to move that plaintiff has appealed.

As in all custody cases, it is the statutorily mandated best interest and welfare of the child or children involved which must guide and direct our courts. We discern no basis in the facts found in the order before us which supports the conclusion that it would be in the best interest of these children to require them to move from their home, neighborhood and schools to another place. Accordingly, that part of the trial court's order requiring plaintiff and her children to move from Jamestown is reversed. In all other respects, the order is affirmed.

[2] Defendant has cross-assigned error to that portion of the trial court's order requiring defendant to pay a portion of plaintiff's counsel fees. However, defendant did not give notice of appeal from the judgment and has not filed an appellant's brief and that question is therefore not before us. *Dail Plumbing, Inc. v. Roger Baker & Assoc.*, 78 N.C. App. 664, 338 S.E.2d 135, *cert. denied*, 316 N.C. 731, 345 S.E.2d 398 (1986).

Reversed in part; affirmed in part.

Judges LEWIS and WALKER concur.