PAVING EQUIPMENT OF THE CAROLINAS v. WATERS

[122 N.C. App. 502 (1996)]

PAVING EQUIPMENT OF THE CAROLINAS, INC. D/B/A MECKLENBURG PAVING, INC. v. WILLIAM H. WATERS

No. COA95-860

(Filed 21 May 1996)

**Liens § 21 (NCI4th)— Chapter 44A lien—no attorney's fees as part of lien**

N.C.G.S. § 44A-13(b) does not allow attorney's fees to be enforced as part of a Chapter 44A lien on defendant's property.

**Am Jur 2d, Liens § 75; Mechanics' Liens §§ 432, 433.**

**Excessiveness or adequacy of attorneys' fees in matters involving real estate—modern cases. 10 ALR5th 448.**

Appeal by defendant from judgment entered 21 April 1995 in Mecklenburg County Superior Court by Judge Robert M. Burroughs. Heard in the Court of Appeals 29 March 1996.

*William G. Robinson, and Colombo and Robinson, by William C. Robinson, for plaintiff-appellee.*

*Goodman, Carr, Nixon, Laughrun & Levine, P.A., by Miles S. Levine, for defendant-appellant.*

GREENE, Judge.

William H. Waters (defendant) appeals from a judgment entered after a jury verdict in favor of Paving Equipment of the Carolinas, Inc. d/b/a Mecklenburg Paving (plaintiff).

Pursuant to N.C. Gen. Stat. § 44A-12, plaintiff filed a claim of lien on defendant's property in the amount of $30,500, representing the amount plaintiff claimed it was owed for paving the defendant's parking lot. The plaintiff subsequently filed a complaint seeking a judgment in the amount of the $30,500 and enforcement of the lien. After a trial, the jury found for the plaintiff in the amount of $29,706.30. In addition to the jury award, the trial court awarded plaintiff attorney's fees of $5,700 and granted a lien on the defendant's property "pursuant to the provision of G.S. 44A" in an amount of the jury verdict and the attorney's fees.

The issue is whether an award of attorney's fees can be enforced as part of a Chapter 44A lien on defendant's property.

Defendant argues that N.C. Gen. Stat. § 44A-13(b) does not allow attorney's fees to be "enforced as part of the lien granted pursuant to North Carolina General Statute § 44A-7, et. seq." Plaintiff argues that "as long as the principal amount of the judgment . . . does not exceed that provided in the claim of lien, the additional sums of costs and [attorney's fees] . . . are enforceable as a part of the lien and judgment." We agree with the defendant.

N.C. Gen. Stat. § 44A-13(b) states that a "[j]udgment enforcing a lien . . . may be entered for the *principal* amount shown to be due, not exceeding the principal amount stated in the claim of lien enforced thereby." N.C.G.S. § 44A-13(b) (1995) (emphasis added). The "principal amount," although not defined by the statute, is an unambiguous term and must be given its plain meaning. *See Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). The plain meaning of the term "principal amount" is that amount of debt owed exclusive of interest and attorney's fees. *See Black's Law Dictionary* 1192 (6th ed. 1990). If, however, there is an agreement between the parties with regard to interest, that interest due pursuant to the agreement will be included as part of the principal. *Dail Plumbing, Inc. v. Roger Baker & Assoc.*, 78 N.C. App. 664, 667, 338 S.E.2d 135, 137 (in absence of agreement, trial court correctly refused to include prejudgment interest as part of lien), *disc. rev. denied*, 316 N.C. 731, 345 S.E.2d 398 (1986). Thus a judgment enforcing a lien under this statute cannot exceed the amount determined to be due from the defendant to the plaintiff, exclusive of attorney's fees.

In this case, the amount determined to be due the plaintiff was $29,706.30 and the trial court had no authority to direct enforcement of a lien in a greater amount. Therefore, that portion of the judgment ordering that the attorney's fees also be enforced as a part of the lien is reversed. We have carefully reviewed the other assignments of error asserted by the defendant and overrule them.

Affirmed in part, reversed in part.

Judges JOHN and MARTIN, Mark D., concur.