YOUNG & McQUEEN GRADING CO. v. MAR-COMM & ASSOCS., INC.

[221 N.C. App. 178 (2012)]

YOUNG & MCQUEEN GRADING COMPANY, INC. Plaintiff v. MAR-COMM & ASSOCIATES, INC., METRO FUNDING CORP. and MFC FUNDING, LLC Defendants

No. COA11-1450

(Filed 5 June 2012)

**1. Liens—real property—contract with owner of property— agency—pleadings impliedly amended**

The trial court did not err by concluding that plaintiff was entitled to enforce its claim of lien on the property at issue as the claim of lien did not violate the N.C.G.S. § 44A-8 requirement that the lienor contract with the owner of the real property. The pleadings were impliedly amended to raise the issue of agency and the trial court properly concluded that plaintiff entered into the contract with defendant Mar-Comm's agent.

**2. Liens—real property—correct information on claim of lien—contracting party—date of first furnishing**

The trial court did not err by concluding that plaintiff was entitled to enforce its claim of lien on the property at issue because the claim of lien accurately stated the information required by N.C.G.S. § 44A-12(c). The entity with which plaintiff contracted for the furnishing of labor and materials was Mar-Comm of NC as the agent of Mar-Comm, the claim of lien properly listed Mar-Comm as such, and the claim of lien did not misstate the date of first furnishing.

**3. Liens—real property—accrued interest—pursuant to contract**

The trial court did not err by including accrued interest in the amount of plaintiff's claim of lien on the real property at issue. Pursuant to *Paving Equip. of Carolinas, Inc. v. Waters*, 122 N.C. App. 502, plaintiff was entitled to recover accrued interest pursuant to the contract, which allowed plaintiff to recover interest on all past due payments at the rate of 18% per annum.

Appeal by Defendants from order entered 28 April 2011 by Judge Mark E. Powell in Buncombe County Superior Court. Heard in the Court of Appeals 24 April 2012.

**YOUNG & McQUEEN GRADING CO. v. MAR-COMM & ASSOCS., INC.**

[221 N.C. App. 178 (2012)]

*Hamilton Stephens Steele & Martin, PLLC, by Bentford E. Martin and Mark R. Kutny, for Plaintiff.*

*Roberson Haworth & Reese, P.L.L.C., by Alan B. Powell, Christopher C. Finan, and Andrew D. Irby, for Defendants.*

STEPHENS, Judge.

In early 2006, Defendant Mar-Comm & Associates, Inc. ("Mar-Comm"), a Florida corporation owned and controlled by John B. Marino, purchased 50 acres of real property in Buncombe County and began the process of developing the property as a residential subdivision. In the course of development, Plaintiff Young & McQueen Grading Company, Inc. ("Young & McQueen") received a set of engineering plans for the property and, in response, prepared a short-term Proposal and Contract to perform initial work on the property and submitted the Proposal and Contract to Mar-Comm & Associates of North Carolina, LLC ("Mar-Comm of NC"), a Florida company created by Marino in 2006 and, according to the engineering plans, the owner of the property. Despite the facts that the engineering plans listed Mar-Comm of NC as the owner and that the Proposal and Contract was submitted to Mar-Comm of NC, the executed Proposal and Contract was signed by Marino as president of Mar-Comm and listed Mar-Comm as the owner of the property. Property records indicate that at all times relevant, Mar-Comm was the sole owner of the property.

In October 2006, Young & McQueen agreed to perform approximately $900,000 of work on the property by executing an American Institute of Architects Standard Form Agreement between Owner and Contractor ("AIA Contract"). The AIA Contract was signed by Marino as president, but listed Mar-Comm of NC as owner. Following execution, several amendments increasing the scope of Young & McQueen's work were made to the AIA Contract; some amendments were executed in writing by Marino as president on behalf of Mar-Comm of NC as owner and others were authorized verbally by Marino.

Young & McQueen performed work on the property between late 2006 and mid-2008. During that time, Young & McQueen submitted invoices to Mar-Comm of NC and received payments from Mar-Comm.

In August 2007, Mar-Comm received a nearly $2 million loan from Defendant Metro Funding Corp. In connection with this loan, Mar-Comm, through Marino, executed a deed of trust in favor of Metro Funding Corp.; this deed of trust was later assigned to Defendant MFC Funding, LLC ("MFC Funding").

By mid-2008, Young & McQueen had suspended work on the property because it was owed roughly $270,000 for payment of services rendered. In July 2008, Young & McQueen filed a claim of lien on the property in the amount of $274,306.89 plus interest and attorneys' fees. In that claim of lien, Young & McQueen listed Mar-Comm as the owner of the property and as the "person with whom claimant contracted" for the furnishing of services.

In September 2008, Young & McQueen commenced the present action by filing in Buncombe County Superior Court a complaint against Defendants seeking, *inter alia*, damages for breach of contract, enforcement of its claim of lien, and a declaration that its claim of lien had priority over MFC Funding's deed of trust. The matter was tried without a jury by Superior Court Judge Mark E. Powell in January 2011. In a judgment entered 8 March 2011, the trial court concluded that Mar-Comm breached the AIA Contract and was liable to Young & McQueen "in the principal sum of $228,545.83 plus prejudgment interest . . . at the contract rate of 18% per annum, in the sum of $120,210.46." The trial court also concluded that Young & McQueen was entitled to enforce its claim of lien for that amount and that the claim of lien has priority over the deed of trust executed by Metro Funding Corp. and assigned to MFC Funding. MFC Funding and Metro Funding Corp. (the "lender Defendants") appeal.

On appeal from a judgment entered after a non-jury trial, we review the trial court's judgment to determine whether there is competent evidence to support the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment. *Cartin v. Harrison*, 151 N.C. App. 697, 699, 567 S.E.2d 174, 176, *disc. review denied*, 356 N.C. 434, 572 S.E.2d 428 (2002). "Findings of fact are binding on appeal if there is competent evidence to support them, even if there is evidence to the contrary." *Sessler v. Marsh*, 144 N.C. App. 623, 628, 551 S.E.2d 160, 163, *disc. review denied, supersedeas denied*, 354 N.C. 365, 556 S.E.2d 577 (2001). Furthermore, "[w]here no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).

[1] The lender Defendants first argue that the trial court erred by concluding that Young & McQueen was entitled to enforce its claim of lien on the property. Specifically, the lender Defendants contend that Young & McQueen should have been precluded from enforcement

because the claim of lien did not meet the applicable statutory requirements.

First, the lender Defendants assert that Young & McQueen's claim of lien does not satisfy N.C. Gen. Stat. § 44A-8 because the AIA Contract was with Mar-Comm of NC and not Mar-Comm, the actual owner of the property. Assuming the lender Defendants are correct that the AIA Contract was between Young & McQueen and Mar-Comm of NC, this argument is, nevertheless, unavailing.

Section 44A-8 provides as follows:

> Any person who performs or furnishes labor . . . pursuant to a contract, either express or implied, *with the owner of real property* for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a right to file a claim of lien on real property on the real property to secure payment of all debts owing for labor done . . . pursuant to the contract.

N.C. Gen. Stat. § 44A-8 (2011) (emphasis added). Further, section 44A-7 provides that "owner" includes "agents of the owner acting within their authority." N.C. Gen. Stat. § 44A-7(3) (2011). In its order, the trial court concluded that "Mar-Comm of NC made and entered into [the AIA Contract] as the agent of [] Mar-Comm" and that "Mar-Comm ratified and accepted the contract as the principal of Mar-Comm of NC by performing the functions and duties of 'Owner' under said contract, including but not limited to the payment of [Young & McQueen's] invoices and payment applications." These conclusions are supported by unchallenged and, thus, binding findings of fact showing that (1) Mar-Comm of NC's role in the development of the property was to provide "liaison, interface, [and] representation" services for Mar-Comm, (2) only Mar-Comm and not Mar-Comm of NC was authorized to do business in North Carolina, and (3) Mar-Comm paid all invoices submitted by Young & McQueen to Mar-Comm of NC.

The lender Defendants, however, do not challenge the conclusion that Mar-Comm of NC entered into the AIA Contract as an agent of Mar-Comm on grounds of insufficient factual support. Rather, they challenge the conclusion on the ground that agency was not properly alleged in the complaint. This challenge is misplaced. Even assuming Young & McQueen was required to allege agency in the complaint, because the lender Defendants raised no objections at trial to evidence regarding agency on the grounds that such evidence was not

within the scope of the pleadings, the issue of agency was tried with the implied consent of the parties and the pleadings are deemed amended by implication and need no formal amendment. *See Wohlfahrt v. Schneider*, 82 N.C. App. 69, 75, 345 S.E.2d 448, 452 (1986) ("Where no objection is raised at trial on the grounds that the proffered evidence is not within the scope of the pleadings no formal amendment is required and the pleadings are deemed amended by implication." (citing *Taylor v. Gillespie*, 66 N.C. App. 302, 311 S.E.2d 362, *disc. review denied*, 310 N.C. 748, 315 S.E.2d 710 (1984))); *see also* N.C. Gen. Stat. § 1A-1, Rule 15(b) (2011) ("When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."). Accordingly, because the pleadings were impliedly amended to raise the issue of agency, the lender Defendants' challenge to the trial court's adequately-supported conclusions regarding agency must fail. Enforcement of Young & McQueen's claim of lien does not violate the section 44A-8 requirement that the lienor must contract with the owner of the real property because, as properly concluded by the trial court, Young & McQueen entered into the AIA Contract with Mar-Comm's agent. The lender Defendants' argument is overruled.[1]

**[2]** The lender Defendants next contend that the claim of lien should not be enforced because it did not accurately state the information required by section 44A-12(c). We disagree.

Section 44A-12(c) provides that "[a]ll claims of lien on real property must be filed using a form" substantially following the template set out in the subsection. N.C. Gen. Stat. § 44A-12(c) (2011). The form template requires the claim of lien to list, *inter alia*, the "[n]ame and address of the record owner of the real property," the "[n]ame and address of the person with whom the claimant contracted for the furnishing of labor or materials," and the "[d]ate upon which labor or materials were first furnished upon said property by the claimant." *Id.*

---

1. We note that in the alternative to its conclusion that Mar-Comm of NC entered into the AIA Contract as an agent of Mar-Comm, the trial court concluded that Mar-Comm itself entered into the AIA Contract. However, as we have determined that the court correctly concluded that Mar-Comm of NC entered into the AIA Contract as an agent of Mar-Comm, we need not address the trial court's alternative conclusion. *Cf. State ex rel. Edmisten v. Tucker*, 312 N.C. 326, 357, 323 S.E.2d 294, 314 (1984) (where trial court's ruling is based on alternative grounds, court on appeal need not address second alternative ground where appellate court determines that first alternative ground was correct).

First, the lender Defendants argue that the claim of lien "misstate[s] the entity with which [Young & McQueen] contracted" because the claim of lien states that entity as Mar-Comm whereas Young & McQueen actually contracted with Mar-Comm of NC. This argument is meritless. "*Qui facit per alium facit per se.* He who acts through another acts himself—*i.e.*, the acts of an agent are the acts of the principal." *Livingston v. Essex Inv. Co.*, 219 N.C. 416, 425, 14 S.E.2d 489, 494 (1941). Because Young & McQueen contracted with Mar-Comm of NC as the agent of Mar-Comm, Mar-Comm of NC's act of contracting with Young & McQueen was Mar-Comm's act. Thus, the entity with which Young & McQueen contracted "for the furnishing of labor and materials" was Mar-Comm, and the claim of lien properly lists Mar-Comm as such.

Next, the lender Defendants argue that the claim of lien misstates the date of first furnishing because it states that date as 13 November 2006—admittedly, the date of first furnishing of services under the AIA Contract—but that Young & McQueen is also allegedly seeking payment for some services rendered under the Proposal and Contract and that Young & McQueen furnished services under the Proposal and Contract prior to 13 November 2006. This argument is meritless and misapprehends the facts of the case.

Although the lender Defendants are correct that Young & McQueen performed work under the Proposal and Contract before 13 November 2006, that work was "paid in full by Mar-Comm" and Young & McQueen is not seeking payment for those services. Rather, Young & McQueen is seeking payment for some of the work done pursuant to *amendments* to the AIA Contract that was invoiced at the rates from the Proposal and Contract. As found by the trial court: (1) "[s]everal amendments . . . were issued to the AIA Contract increasing the scope of [Young & McQueen's] work"; and (2) the work done pursuant to those amendments was invoiced at the "labor and equipment rates from the Proposal and Contract," which rates "[t]he AIA Contract [] incorporated." Accordingly, Young & McQueen is not seeking payment for any services rendered pursuant to the Proposal and Contract, only payment for services rendered pursuant to the AIA Contract and its later amendments. As such, the proper date of first furnishing is the date of first furnishing under the AIA Contract and not the date of first furnishing under some other contract. *Cf.* N.C. Gen. Stat. § 44A-8 (providing that a person who furnishes labor or materials pursuant to a contract shall have a right to file a claim of lien "to secure payment of all debts owing for labor done or . . . mate-

rial furnished . . . *pursuant to the contract*" (emphasis added)). The lender Defendants' argument is overruled.

The remainder of the lender Defendants' arguments regarding whether Young & McQueen could enforce its claim of lien on the property deal with the trial court's allegedly erroneous application of various equitable doctrines as alternative grounds to support the court's conclusion. However, as the lender Defendants acknowledge, their arguments regarding these doctrines are only relevant "[a]bsent [Young & McQueen's] ability to demonstrate compliance with [the] basic statutory requirement" that "the only manner in which a claimant may obtain a lien upon real property is if the claimant contracts with the record title owner of said real property, or the owner's agent." As we have held that the trial court properly concluded that Young & McQueen contracted with Mar-Comm of NC as an agent of Mar-Comm, we need not address the lender Defendants' remaining arguments, *cf. Tucker*, 312 N.C. at 357, 323 S.E.2d at 314, and we hold that the trial court did not err in concluding that Young & McQueen was entitled to enforce its lien.

[3] Finally, the lender Defendants argue that the trial court erred by including "accrued interest" in the amount of Young & McQueen's lien. As previously held by this Court, while a judgment enforcing a lien may generally be entered only for the principal amount shown to be due, "[i]f [] there is an agreement between the parties with regard to interest, that interest due pursuant to the agreement will be included as part of the principal." *Paving Equip. of the Carolinas, Inc. v. Waters*, 122 N.C. App. 502, 503, 470 S.E.2d 546, 547 (1996) (citing *Dail Plumbing, Inc. v. Roger Baker & Assoc.*, 78 N.C. App. 664, 667, 338 S.E.2d 135, 137, *disc. review denied*, 316 N.C. 731, 345 S.E.2d 398 (1986)). Acknowledging this holding, the lender Defendants contend that interest was improperly included in this case because "there is no contract of any kind between [Young & McQueen] and [the lender Defendants]." This argument is sophistic. Our holding in *Paving Equip. of the Carolinas* was based on an interpretation of section 44A-13(b), which provides that "[a] judgment enforcing a lien *under this Article* may be entered for the principal amount shown to be due." N.C. Gen. Stat. § 44A-13(b) (2011) (emphasis added). To enforce a lien under that Article—Article 2 of Chapter 44A of our General Statutes—the lienor must have performed work "pursuant to a contract, either express or implied, *with the owner of real property*." N.C. Gen. Stat. § 44A-8 (emphasis added). Read *in pari materia*, the section 44A-13(b) phrase "principal amount shown to be due"

refers to the principal amount due under the contract giving rise to the lien enforcement proceedings pursuant to Chapter 44A, Article 2, *i.e.*, the contract between the lienor and the owner of real property. If the judgment is awarding the lienor the principal amount due under his contract with the property owner, the interest included in that "principal amount" would be the interest due under the contract with the property owner. Clearly, then, the requirement of an agreement on interest between the parties refers to the agreement between the lienor and the owner of the property. As the undisputed findings by the trial court state, "[t]he AIA Contract provides that [Young & McQueen] shall recover interest on all past-due payments at the rate of 18% per annum." According to our holding in *Paving Equip. of the Carolinas*, Young & McQueen may recover accrued interest pursuant to the AIA Contract. The lender Defendants' argument is overruled.

Based on the foregoing, we conclude that the trial court properly entered judgment allowing Young & McQueen to enforce its lien on property owned by Mar-Comm. The order of the trial court is

AFFIRMED.

Judges MCGEE and HUNTER, ROBERT N., JR., concur.