An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1410

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

MARY FRANCES POWE,
    Employer,
    Plaintiff,

v.

CENTERPOINT HUMAN SERVICES,
    Employer,

BRENTWOOD SERVICES,
    Carrier,
    Defendants.

North Carolina
Industrial Commission
I.C. No.  150598

Appeal by Plaintiff from Opinion and Award entered 1 November 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 10 April 2014.

> *Law Offices of Kathleen G. Sumner by Kathleen G. Sumner, for plaintiff-appellant.*
>
> *Rudisill White & Kaplan, P.L.L.C. by Stephen Kushner, for defendants-appellees.*

STROUD, Judge.

Mary Powe ("plaintiff") appeals from an order and award entered by the Full Commission concluding that she was not

disabled and denying her temporary total disability benefits. We affirm.

I.    Procedural History

This case is now on its fourth trip to this Court. The factual background to the case and its procedural history through 2013 have been more than adequately discussed in the prior three opinions: *Powe v. Centerpoint Human Services*, 183 N.C. App. 300, 644 S.E.2d 269, 2007 WL 1412447 (2007) (unpublished), *disc. rev. denied*, 362 N.C. 237, 659 S.E.2d 738 (2008), *Powe v. Centerpoint Human Services* (*Powe II*), 215 N.C. App. 395, 715 S.E.2d 296 (2011), *disc. rev. denied*, ___ N.C. ___, 721 S.E.2d 230 (2012), and *Powe v. Centerpoint Human Services* (*Powe III*), ___ N.C. App. ___, 742 S.E.2d 218 (2013).

In *Powe III*, we remanded to allow the Commission to make findings and conclusions on whether plaintiff was disabled during the relevant time periods. *Powe III*, ___ N.C. App. at ___, 742 S.E.2d at 223. On remand, the Commission made a number of relevant findings concerning plaintiff's medical history, vocational efforts, and treatment. It found that plaintiff is capable of at least some work, but has failed to conduct a reasonable job search.  Based on these findings, it concluded that plaintiff failed to show that she was disabled and denied

her an award of temporary total disability benefits.  Plaintiff timely appealed to this Court.

## II.  Disability

Plaintiff argues that the Full Commission erred in denying her temporary total disability benefits because it impermissibly shifted the burden to her to show that she was disabled. She further argues that the Commission erred by readdressing the issue of vocational rehabilitation in violation of this Court's mandate. We disagree.

A.   Standard of Review

> Review of an opinion and award of the Industrial Commission is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This Court's duty goes no further than to determine whether the record contains any evidence tending to support the finding. If supported by competent evidence, the Commission's findings are conclusive, even if the evidence might also support contrary findings. The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. The Commission's conclusions of law are reviewed *de novo*.

*Powe III*, ___ N.C. App. at ___, 742 S.E.2d at 221 (citations, quotation marks, and brackets omitted).

B.   Analysis

First, plaintiff argues that the Commission erred by requiring her to prove that she was disabled when there was a prior order awarding disability compensation that was not appealed. She contends that when the Full Commission affirmed the Deputy Commissioner's order awarding her temporary total disability compensation from 29 April 2004 to 25 October 2004, it implicitly found that she was disabled. She reasons that she is therefore entitled to a presumption of disability.

> [A] presumption of disability in favor of an employee arises only in limited circumstances. First, the employer and employee may execute a Form 21, Agreement for Compensation for Disability, that stipulates to a continuing disability and is subsequently approved by the Industrial Commission. Second, the employer and employee may execute a Form 26, Supplemental Agreement as to Payment of Compensation, that stipulates to a continuing disability and is later approved by the Commission. Third, an employee may prove to the Industrial Commission the existence of a disability.

*Johnson v. Southern Tire Sales and Service*, 358 N.C. 701, 706, 599 S.E.2d 508, 512 (2004) (citations omitted).

A plaintiff is only entitled to a presumption of disability under the third circumstance "[a]fter plaintiff meets her initial burden." *Radica v. Carolina Mills*, 113 N.C. App. 440, 447, 439 S.E.2d 185, 190 (1994). Thus, it is only "*once the*

*disability is proven* [that] there is a presumption that it continues . . . ." *Watson v. Winston-Salem Transit Authority*, 92 N.C. App. 473, 476, 374 S.E.2d 483, 485 (1988) (emphasis added).

Defendants filed a Form 60, admitting a compensable injury. But filing a Form 60 and paying disability benefits pursuant thereto does not admit that plaintiff was or remains disabled. *Powe III,* ___ N.C. App. at ___, 742 S.E.2d at 222. Filing a Form 60 and paying benefits therefore does not create a presumption of disability. *Id.* Although the Full Commission, by its 2006 Order and Award, required defendants to reinstate disability benefits for a discrete time period, they did so on the basis of the Form 60, not on a finding of disability—which had not been contested at that point. Plaintiff has never *proven* disability and the burden of proof remains hers.

Indeed, this Court specifically held in *Powe III* that "once the continuing status of Plaintiff's disability was disputed, it became Plaintiff's burden to prove that she remained disabled." *Id.* Thus, this Court has already considered the burden issue under the facts of this case and held that it is plaintiff's burden to prove disability. That holding is binding on us both as the law of the case and as the published decision of another panel of this Court. *North Carolina Nat. Bank v. Virginia*

*Carolina Builders*, 307 N.C. 563, 566, 299 S.E.2d 629, 631 (1983) ("Once an appellate court has ruled on a question, that decision becomes the law of the case and governs the question not only on remand at trial, but on a subsequent appeal of the same case."); *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

Plaintiff asserts that "any statement by the *Powe III* Court indicating that the burden remains upon Ms. Powe to prove her disability is clearly *obiter dictum*." As discussed above, this Court's holding in *Powe III* directly addressed the issue of which party should bear the burden of proof. We held that the Commission erred in assuming disability because no presumption arose from the filing of a Form 60. This determination was necessary to the Court's disposition of the case. It was not, in any sense, *obiter dictum*. The Court's central holding in *Powe III* therefore remains binding. The Commission did not err by following the holding of this Court and placing the burden of proving disability on plaintiff.

Plaintiff next asks this Court to vacate the present Order and Award because the Full Commission "deleted" various findings of fact from prior orders and modified others in the present order. She contends that by making various findings relating to vocational rehabilitation at variance with its prior findings on those issues that we have upheld, the Full Commission violated the law of the case doctrine.

Plaintiff ignores that the only issue to be considered on remand was disability, not compliance with vocational rehabilitation. The Full Commission properly limited itself to addressing the disability issue rather than readdressing the issue of plaintiff's compliance with rehabilitation. We noted in *Powe III* that "[i]f the Commission determines that Plaintiff has not met her burden of proving disability during the contested periods, then the issues regarding Plaintiff's cooperation with vocational rehabilitation efforts will be moot." *Powe III*, ___ N.C. App. at ___, 742 S.E.2d at 223. On remand, the Full Commission concluded, with one dissent, that plaintiff was not disabled, so its findings on vocational rehabilitation efforts were irrelevant. *See id.* Rather than ignoring the prior opinions of this Court or the law of the case, the Industrial

Commission scrupulously followed our instructions in *Powe III*. Therefore, plaintiff's second argument is without merit.

### III. Constitutional Arguments

Plaintiff also raises a number of constitutional arguments related to the Industrial Commission's decision to split costs between her and defendant. She contends that forcing her to pay $110 in costs violated her rights to substantive and procedural due process, and to equal protection under the United States Constitution. She argues that the Worker's Compensation statutes are constitutionally inadequate because they do not provide a mechanism by which indigent claimants can proceed *in forma pauperis* or by which costs may be waived. There is absolutely no evidence in the record that plaintiff has ever raised this issue before the Industrial Commission.[1] We have held innumerable times, including in *Powe II*, that "a constitutional question which is not raised and passed upon in the trial court will not ordinarily be considered on appeal." *Powe II*, 215 N.C. App. at

---

[1] Admittedly, the lack of a transcript in the record makes it difficult to say with certainty that this issue has never been raised. But it is the appellant's burden to show that the record reflects that she has properly preserved the issues raised on appeal. *See Hill v. Hill*, 173 N.C. App. 309, 322, 622 S.E.2d 503, 512 (2005) (noting that "an appellant has the duty to ensure the record and complete transcript are properly prepared and transmitted to this Court" and holding that an issue was not preserved where preservation was not apparent from the record).

412 n.3, 715 S.E.2d at 307 n.3 (citation and quotation marks omitted). Plaintiff has not preserved this issue for our review and we will not address it.

## IV. Conclusion

For the foregoing reasons, we hold that the Commission did not err in concluding that plaintiff has failed to prove that she is disabled. Plaintiff did not preserve her arguments concerning the fees, so we do not address them. As a result, we affirm the 1 November 2013 Order and Award in full.

AFFIRMED.

Judges HUNTER, JR., Robert N. and DILLON concur.

Report per Rule 30(e).